## ARGUED AND DETERMINED

### IN THE

# Supreme Court of the State of Georgia,

## AT ATLANTA,

## JUNE TERM, 1870.

BERSHEBA BRILEY et al., plaintiffs in error, *v.* ABNER F. UN-
DERWOOD et al.

### (Atlanta, June Term, 1870.)

EQUITY FROM WHITE.

When this cause was ·called in its order, A. S. Erwin and
Hutchins and McMillan, who were represented by Hillyer &
Brother, failed to furnish copies of the bill of exceptions, as
required by the 12th Rule of Court, and the Court, ex súo
mero motu, dismissed the cause.

The same disposition was made of S. S. Barnard, plaintiff
in error v. David McMurray, motion to set .aside a judgment
from Baker. J. E. Bower for plaintiff in error. In neither
was there any appearance for the defendants.

---

*WILLIAM M. ANDERSON, administrator, plaintiff in error,
*v.* THOMAS L. TAYLOR, trustee, defendant in error.

### (Atlanta, June Term, 1870.)

1. ARBITRATION AND AWARD—FAILURE TO FURNISH
COPY OF AWARD.*—When the arbitrators failed to furnish the
party who objects to the award with a copy, as required by Section
4183 of the Revised Code, but the party appeared at the first term of
the Court and filed his objections to the award, and did not show that
he was taken by surprise, or lost any right by not having notice of
the award, he is not injured by the failure of the arbitrators to
furnish the copy, and the award will not, on that ground, be set
aside.

2. SAME—SETTING ASIDE†—UNCERTAINTY.—An award will

---

*ARBITRATION AND AWARD—EXCEPTIONS TO AWARD.
—See Barnesville Mfg. Co. *v.* Caldwell, 48 ·Ga. 421, citing the principal
case. See also, foot-note to Sharp *v.* Loyless, 39 Ga. 7.

†SAME—SETTING ASIDE—NECESSARY ALLEGATIONS.—
In order to warrant the setting aside of an award, the exceptions
must contain distinct allegations of fraud, accident or mistake in a le-
gal sense made or proven as set out in the bill of exceptions, and the
error assigned thereon. Hardin *v.* Almand, 64 Ga. 594, citing Cobbs
*v.* Morris, 40 Ga. 674; Anderson *v.* Taylor, 41 Ga. 10; Tomlinson *v.*