## E. B. THOMAS *vs.* TRUSTEES OF THE LUNALILO ESTATE.

### APPEAL FROM JUDGMENT ENTERED UPON AN AWARD OF ARBITRATORS.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J., McCULLY and AUSTIN, JJ.

An award made bona fide and in accordance with the terms of the submission, held to be conclusive on the parties.

A clause in the submission allowing an appeal, the appellate court to fix costs of the appeal, does not take the case out of the Statute.

Sections of the Code, referred to in the decision, are as follows:

§933. If there is no provision in the submission concerning the costs of the proceedings, the arbitrators may make such award respecting the costs as they shall judge reasonable.  *  *  *  * ·

§936. Any party deeming himself aggrieved by the decision of the justice before whom motion for judgment is made upon the award, may take an appeal to the Supreme Court in banco.  *  *

OPINION OF THE COURT, BY AUSTIN, J.

THIS is an appeal from an award entered up as a judgment of the court in favor of the plaintiff.

The appellants claim that the item of $2,500 for extra work in cutting stone was not submitted to the arbitrators by the agreement to arbitrate, and that the contract which was attached to that agreement showed that the extra work must be specified in writing or it could not be charged for, and that a mistake of fact was also made in not charging plaintiff $5 a day for time beyond the contract time for completing the contract; and that in allowing the $3,500 item, the arbitrators made a clear mistake of law, and a mistake of fact in disallowing the other item; and that for these reasons the award is void and the judgment must be set aside.

In examining the agreement to arbitrate, it appears that the item of $2,500 was submitted specifically to the arbitrators, and on reading the testimony, that the parties testified fully about it.

The arbitrators must have thought upon the evidence that there

was a substantial waiver of the requirement to specify the extra work in writing, which was binding in law. We are not prepared to say but that they were right in so finding. They certainly had a right to proceed to see whether the item could or ought to be allowed.

Upon the item of extra time at $5 a day taken to complete the work, the arbitrators must have found that the circumstances showed a waiver of the clause providing a day for completion. The evidence seems to show such a waiver.

The award seems to have been made in accordance with the terms of the submission, and it appears that it was not made by collusion or fraud, nor is this claimed by the defendant.

By numerous cases "it is well settled that the award, if made in good faith, is conclusive upon the parties, and that neither of them can be permitted to prove that the arbitrators decided wrong either as to the law or the facts of the case."

*Winship vs. Jewett,* 1 Barb., Ch. 173, 184 ; *Jackson vs. Ambler,* 14 Johns, 105 ; *Mitchell vs. Bush,* 7 Cow, 185 ; *Perreman vs. Steggal,* 9 Bing. 681 ; *Lancaster vs. Kennington,* 4 Ad. & El. 347.

The defendants' counsel further claim that the clause allowing an appeal in the agreement to arbitrate, and allowing the appellate court to fix the costs in case of appeal, takes the case out of the Statute. We think not. The appeal referred to is the one mentioned in the Statute, Sec. 936, and under Sec. 933 the arbitrators have properly provided for the costs of arbitration.

*The judgment must be affirmed.*

*E. Preston* and *J. Russell,* for plaintiff.

*S. B. Dole* and *W. O. Smith,* for defendants.

Honolulu, January 7, 1884.