## MARY A. RICHARDS *v.* CARL ONTAI, HENRY ONTAI AND JAMES ONTAI, DOING BUSINESS UNDER THE NAME OF ONTAI BROTHERS.

APPEAL FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 13, 14, 15, 1910.          DECIDED JULY 20, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER IN PLACE OF HARTWELL, C.J.

ARBITRATION AND AWARD—*conclusions of arbitrator not reviewable on appeal.*

On an appeal from the decision of a circuit court causing an award by an arbitrator to be entered as a judgment, the correctness of the arbitrator's findings of fact and rulings of law cannot be in-

quired into, the only issue being whether the award was made in accordance with the terms of the submission or was made by collusion or fraud.

COURTS—*jurisdiction—none, as to subject matter, by mere consent.*

A clause in the submission allowing an appeal from rulings of law cannot of itself give jurisdiction to this court where none is conferred by law.

## OPINION OF THE COURT BY PERRY, J.

The parties entered into an agreement to submit certain controversies to arbitration and to have the award when rendered entered up as a judgment of the circuit court of the first circuit. It is apparent on the face of the agreement that the parties in executing it and in providing for the subsequent procedure in the matter proceeded under Ch. 142 of the Revised Laws. The submission was acknowledged before a judge of the circuit court of the first circuit and was entered as a rule of court and the award was filed by the arbitrator in that court. Subsequently the plaintiff filed a motion in the same court that the award be entered as a judgment of the court in the case and, no opposition being made thereto, the motion was granted and the award entered as prayed for. From the decision of the judge ordering the award to be so entered the defendants appeal to this court. It is clear from the terms of the submission that all questions of law as well as all questions of fact involved in the issues therein specified were thereby submitted to the arbitrator for his decision. Both parties argued at length in their briefs the correctness of the rulings of law made by the arbitrator with which the defendants are dissatisfied, no mention being made by either party of the jurisdiction of this court on an appeal to consider those questions. In the agreement it is provided "the award of the arbitrator shall be subject to appeal by either party as to matters of law." The court itself at the oral argument suggested the question of lack of jurisdiction in the matter. The appellants contend

that all of the arbitrator's rulings of law are reviewable on this appeal while the appellee, feeling bound by the terms of her agreement, presents no argument to the contrary.

The question is one not of policy but of statutory construction. But little assistance can be had from decisions in other jurisdictions rendered either in the absence of statute or upon statutes whose provisions differ from those of our own.

The appellants rely, in part at least, upon R. L. Sec. 1859 as conferring the right of appeal. It is to be noted, in the first place, that that section relates only to appeals from judgments of circuit judges *in chambers*. The decision and judgment in the case at bar were not rendered by a judge in chambers. The provision of the submission is that the award shall be entered up as a judgment of "the first circuit court of the Territory of Hawaii." The order entering the submission as a rule of court is under the title of the "Circuit Court, First Circuit, Territory of Hawaii, January Term, 1910," and the award, the motion and the judgment are all entitled and filed in the same court at term. For another reason, also, Sec. 1859 does not apply. It is general in its provisions, relating to appeals generally. In the chapter on arbitration specific provision is made concerning appeals from awards when entered as judgments. Sections 2196 and 2198 read as follows:

"Sec. 2196. Award entered as judgment, when. Upon the coming in of the award, either party may, after four days notice to the other party, move the district magistrate or any judge of the court of record, as the case may be, to cause the award to be entered up as a judgment of court; and unless the other party shall satisfy the judge that the award has not been made in accordance with the terms of the submission, or that it has been made by collusion or fraud, he shall cause the same to be entered up as a judgment of court; but if the opposing party sustains his objections to the satisfaction of the judge, he shall declare the award null and void."

"Sec. 2198. Appeal. Any party deeming himself aggrieved, by the decision of the judge before whom motion is made for

judgment upon the award, may take an appeal to the supreme court, upon filing written notice of his intention so to appeal, within five days after the rendition of such decision."

Sections 2196 and 2198 are special provisions upon this particular subject, and if they differ, as we think they do, from those of Sec. 1859, the former by the well known rule must prevail. Certainly the jurisdiction of the circuit court or judge is limited to the ascertainment of whether or not the award is in accordance with the terms of the submission or is the result of collusion or fraud and to the entry of the award as a judgment if he feels satisfied that there was no fraud or collusion and that the terms of the submission have been complied with or to the setting aside of the award if he is satisfied that the contrary was the case. It is not in his power to consider whether the conclusions of the arbitrator either on matters of fact or on matters of law submitted by the agreement are correct. The only appeal allowed by Sec. 2198,— and the rule here applies that the enumeration of one excludes all others—is from the decision of the judge before whom the motion is made, which must mean from the only decision which, under the law, he had authority to make, and to a party who deems himself aggrieved by the decision. A party obviously cannot within the meaning of that section deem himself aggrieved by the failure of the judge to do that which the law specifically provides he has not the power to do. The language of the two sections is plain and unambiguous and under their provisions neither the circuit court or judge nor this court on appeal can review the findings of fact or the rulings of law made by the arbitrator any further than may be necessary to determine the questions specifically mentioned in the statute, that is to say, whether the award is in accordance with the terms of the submission or was made by collusion or fraud.

The statute (at that time Secs. 934, 936, Civil Code of 1859) was similarly construed in 1883 in *Thomas* v. *Lunalilo Est.*, 5 Haw, 39, 40, although Sec. 859, providing for appeals

from justices at chambers, was apparently not referred to in that case. The broader jurisdiction on appeal now contended for was urged to exist but the court held in effect, as we now hold, that the jurisdiction was limited to the inquiries mentioned in Sec. 933 (Sec. 2196). See also 3 Cyc. 765, 766; *Batten* v. *Patrick,* 81 N. W. (Mich.) 1081, 1082; *Deford* v. *Deford,* 19 N. E. (Ind.) 530, 531; *McCord* v. *Flynn,* 86 N. W. (Wis.) 668, 671; *Ketcham* v. *Woodruff,* 24 Barb. 147, 148, 149, and *Anderson* v. *Taylor,* 41 Ga. 9, 17, 18.

As to the agreement that the award should be subject to appeal by either party as to the matters of law, it is, of course, undoubted that mere consent of the parties cannot confer jurisdiction over the subject matter where none is given by law.

It is not contended that the award on its face fails to express correctly what the arbitrator intended to decide or that he was misled by accident into rendering a decision that he would not otherwise have rendered. The only claim sought to be presented on this appeal is that on the issues of law the arbitrator reached conclusions contrary to those which this court would reach if the matter were before it for determination; and it is expressly conceded in this court, and presumably was also conceded in the circuit court, that the award was in accordance with the terms of the submission and was not made by collusion or fraud. No alternative was left to the circuit court except to enter the award as a judgment of the court and under the law no alternative is left to us on this appeal but to confirm the judgment appealed from.

*C. R. Hemenway* (*Smith, Warren & Hemenway* on the brief) for plaintiff.

*J. A. Magoon* (*Magoon & Weaver* on the brief) for defendants.