34696. BEARDEN *v.* NASH.

Decided September 18, 1953.

*Robt. B. Pullen*, for plaintiff in error.

*Nall, Sterne & Miller, Sam A. Miller*, contra.

SUTTON, C.J. "The rules of the respective courts, legally adopted and not in conflict with the Constitution of the United States or of this State, or the laws thereof, are binding and must be observed." Code § 24-106. "The [Civil Court of Fulton County] shall have power to make all rules with reference to practice, pleading, and procedure as are not in conflict with the general laws of this State, in a way to expedite the trial of cases and to eliminate expense." Ga. L. 1933, p. 298. Rule 9 of the Civil Court of Fulton County, adopted by that court under the authority of the statute above quoted, provides in part as follows: "when an appeal is entered to the Appellate Division of the court, the brief of counsel for the appellant must be served on appellee or his counsel and filed with the clerk of this court, within ten days after the appeal has been filed in this court. . . In the event no brief is filed as above prescribed, by the appel-

lant, the appeal shall stand dismissed for want of prosecution." The plaintiff in the present case filed his appeal on March 16, but did not file his brief until April 9, 1953, which was more than ten days after the appeal had been entered.

The rule in question provides certain procedure that must be followed in the Civil Court of Fulton County to obtain a review of a judgment involving less than $300; the rule does not deny the right to have such a judgment reviewed by the Appellate Division unless the prescribed procedure is disregarded by the appellant. The plaintiff in error does not contend that this rule is in conflict with any specific law of this State, but argues that it gives the judges comprising the Appellate Division of the Civil Court of Fulton County broader authority with respect. to appeals to said division than the courts of last resort in this State have. The plaintiff in error refers to Code § 6-1306 and states that it has been repeatedly ruled by the Supreme Court and this court that failure to comply with a rule of court will not result in dismissal of the appeal, but only subjects the offender to contempt. This is true as to appeals in the Supreme Court and Court of Appeals, under the provisions of the act of 1870, as codified in Code § 6-1306, and under the decisions of the two courts pursuant thereto. It will be seen that it is provided by statute that this law relates to rules with reference to appeals in these two courts. Rules with respect to practice and procedure in appeals to the Appellate Division of the Civil Court of Fulton County are not included or covered by the provisions of said statute.

But before the enactment of this statute in 1870, the Supreme Court interpreted its former rule 12 (adopted at the June term, 1869, and appearing in 38 *Ga.* 690), which provided that counsel for the plaintiff in error should file written briefs on or before the call of the case, as requiring that the writ of error be dismissed if counsel failed to comply with the rule. See *Worrill* v. *Coker*, 40 *Ga.* 582; *Hoyt & Co.* v. *Sheffield*, 40 *Ga.* 492, and *Briley* v. *Underwood*, 41 *Ga.* 9, in which the writs of error were dismissed because the plaintiffs in error failed to furnish the court with written briefs.

In 1870, the legislature curtailed the power of the Supreme Court in this respect by enacting "That no rule of said Supreme

Court shall have the effect to dismiss any case as a penalty, upon counsel or client, for non-compliance with any rule or rules of said court, where there has been a substantial compliance with the laws prescribing the method of bringing cases to said court; but the penalty for a violation of such rules shall be as for a contempt under the provisions of the Georgia Code now of force." Ga. L. 1870, p. 47, § 4. This act now appears as Code § 6-1306, and is applicable to both the Supreme Court and the Court of Appeals. But no such limitation has been imposed upon the rule-making power of the Civil Court of Fulton County.

In *Chapman* v. *Gray*, 8 *Ga.* 337, 340, Judge Lumpkin remarked: "That the foregoing clause, 'that the cause be stricken from the calendar,' &c. [for a failure to furnish the court with a printed copy of points relied upon and authorities cited] is one of frequent recurrence in the New York, and every other system of rules." Rule 9 of the Civil Court of Fulton County does not deny to a litigant the right of review by an appeal to the Appellate Division of that court, but relates to the practice and procedure of the court in handling and prosecuting an appeal after it is filed in that Appellate Division by requiring the filing of a brief of law by the appellant within ten days after the appeal is filed, and provides that, if the brief is not so filed, the appeal shall stand dismissed. It is not pointed out or shown by the plaintiff in error that this rule is without authority of law, nor is any question with respect to its constitutionality properly raised.

The Appellate Division of the Civil Court of Fulton County did not err in dismissing the appeal for the failure of the appellant to comply with rule 9 of that court, requiring him to file a brief within ten days after the appeal was entered.

*Judgment affirmed. Felton and Worrill, JJ., concur.*