## MARS CONSTRUCTORS, INC.
### *v.* TROPICAL ENTERPRISES, LTD.

No. 4809.

October 28, 1969.

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE OKINO IN PLACE OF MARUMOTO, J., DISQUALIFIED.

*Per Curiam.* On November 30, 1966, appellant, an owner of real property in Waikiki, and appellee, a general contractor, entered into a contract for the construction of a nineteen-story hotel building.

The contract called for cast-in-place balcony railings; however, an alternate provision in the contract gave the contractor an option to use precast concrete balcony railings, provided the precast method complied with all other requirements of the plans and specifications.

As required, the contractor submitted a shop drawing for the precast method. The owner and the architect informed the contractor that the "iron dowels had to extend from the railings and firmly embedded into the concrete floor slab" as required by the plans and specifications, instead of being welded together as proposed in the shop drawing.

The contractor abandoned the alternate method because it was impossible under that method to meet the aforementioned specification. However, before proceeding with the construction of the balcony railings as called for in the contract, he informed the owner that there would be an additional cost of $15,462.00.

As provided in the contract this dispute was submitted to arbitration. The arbitrators held that the interpretation of the option clause as contended by both parties had merit and divided the additional cost equally between the parties, awarding appellee contractor the sum of $7,713.00.

The appellant filed a motion in the First Circuit Court to have this award modified or corrected. After a hearing,

the circuit court held that the award of the arbitrators would be confirmed even though they "may have erred in the determination of fact and even the application of the law," because under the provision of HRS § 658-10, the court's power to review and correct or modify arbitration awards is limited and the grounds urged by the appellant for modifying or correcting the arbitration award were neither of the three grounds provided for by the statute. Judgment confirming the award was entered and appellant appealed.

After the opening brief was filed in this court, appellee filed a motion for the dismissal of the appeal or for the affirmance of judgment of the circuit court.

The appellant argues that HRS § 658-15 gives one the right to appeal from an arbitration award unless the agreement provides that no appeal may be taken; that the arbitration agreement contained no such provision; that HRS § 641-24 authorizes the Supreme Court to affirm, reverse or modify a judgment of the trial court and to correct any error appearing on the record; and, therefore, that this court has full jurisdictional authority to inquire into both the facts and the law of the arbitration awards for the purpose of effecting justice and equity.

It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action; and also that the objective is to have disputes considered by arbitrators, who are familiar with the problem, in a less formal and combative environment. Thus, it must be deemed that the primary purpose of arbitration is to avoid litigation.

In furtherance of this objective, our legislature enacted the Arbitration and Awards statute, HRS, Ch. 658. Section 658-9[1] limits court's authority to vacate arbitration awards and § 658-10[2] to modify and correct awards.

We are aware that there are disagreements among courts and also among legal scholars on the question of the extent to which arbitration awards should be subjected to judicial control. This court has decided to confine judicial review to the strictest possible limits. *Richards* v. *Ontai,* 20 Haw. 198 (1910) ; *Thomas* v. *Lunalilo Estate,* 5 Haw. 39 (1883).

We reaffirm this holding because we believe an extensive judicial review of arbitration awards would frustrate the intent of the parties to avoid litigation and would also nullify the legislative objective in the enactment of the Arbitration and Awards statute.

The parties have voluntarily agreed to arbitrate, and

---

1 Section 658-9 reads:

*Vacating award.* In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration :

 (1) Where the award was procured by corruption, fraud, or undue means ;
 (2) Where there was evident partiality or corruption in the arbitrators, or any of them ;
 (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy ; or of any other misbehavior, by which the rights of any party have been prejudiced ;
 (4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

   *          *          *          *          *

2 Section 658-10 reads:

*Modifying or correcting award.* In any of the following cases, the court may make an order modifying or correcting the award, upon the application of any party to the arbitration :

 (1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award ;
 (2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted ;
 (3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

   *          *          *          *          *

they thereby assumed all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact. In *Richards* v. *Ontai, supra,* and *Thomas* v. *Lunalilo Estate, supra,* this court held that such mistakes of arbitrators did not vitiate awards and that the review of awards by the courts were limited by the provisions of the arbitration statute.

Thus, assuming that the arbitrators here erred in construing the construction contract, a mistake in the application of law and in their findings of fact, this mistake is not one of the three grounds specified in HRS, § 658-10, and the circuit court correctly ruled that it was powerless to modify or correct the award. Also the circuit court could not have vacated the award because of the alleged mistake as the authority of the court to vacate awards was restricted to the four grounds specified in § 658-9 and the alleged mistake was not one of the specified grounds.

Thus, the circuit court had no alternative but to confirm the award and to enter a judgment accordingly.

The last question is whether this court may review the judgment so entered by the circuit court to the same extent as a judgment entered after a trial, as contended by the appellant.

We believe that the legislative intent in § 658-9 and § 658-10 was to restrict and curtail all judicial review of arbitration awards and not only review by circuit courts, and we hold that § 658-9 and § 658-10 also restrict the authority of this court to review judgments entered by circuit courts confirming the arbitration awards pursuant to the provisions of the Arbitration and Awards statute.

Under the record of this case we will not review the judgment entered by the First Circuit Court and therefore the motion to dismiss is hereby granted.

*Asa M. Akinaka* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for appellee, for the motion.
*Clesson Y. Chikasuye* for appellant, contra.

THE KALIA, INC., ET AL. *v.* THE KALIA
DEVELOPMENT COMPANY, INC., ET AL.

No. 4815.

OCTOBER 31, 1969.

RICHARDSON, C.J., ABE, KOBAYASHI, JJ., CIRCUIT JUDGE
LAURETA IN PLACE OF MARUMOTO, J., DISQUALIFIED,
AND CIRCUIT JUDGE KABUTAN IN PLACE OF
LEVINSON, J., DISQUALIFIED.

*William M. Swope* (*Harold S. Wright* with him on the brief, *Cades, Cox, Schutte, Fleming & Wright* of counsel) for motion to disqualify counsel.

*Wendell H. Marumoto* (*Padgett, Greeley, Marumoto & Akinaka* of counsel) for motion to dismiss motion to disqualify counsel.

