In the Matter of THOMAS H. D. KIM and ALICE H. KIM, Applicants-Appellees, *v.* MEL CUMMINS BUILDING CONTRACTOR, INC., Applicant-Appellant

NO. 5764

AUGUST 3, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by Mel Cummins Building Contractor, Inc. (contractor) from the order of the circuit court denying contractor's motion to vacate or modify award of arbitrators and from the judgment of said court which incorporates the arbitrators' finding, determination and award. For reasons stated below, we affirm.

*ISSUES*

The contractor contends that the arbitrators' award must be vacated for the following reasons:

1. the arbitrators' award is contrary to the evidence adduced, or lacks sufficient supportive evidences; and/or

2. the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

At the outset we hold that the contractor cannot maintain his first contention for it does not fall within the provisions of HRS § 658-9.

Section 658-9 provides as follows:

§658-9 *Vacating award.* In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;

(2) Where there was evident partiality or corruption in the arbitrators, or any of them;

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

In *Mars Constructors, Inc.* v. *Tropical Enterprises, Ltd.*, 51 Haw. 332, 460 P.2d 317 (1969), we held as follows:

This court has decided to confine judicial review to the strictest possible limits. [51 Haw. at 335, 460 P.2d at 319]

Thus, assuming that the arbitrators here erred in construing the construction contract, as a mistake in the application of law and in their findings of fact, this mistake is not one of the three grounds specified in HRS § 658-10, and the circuit court correctly ruled that it was powerless to modify or correct the award. Also the circuit court could not have vacated the award because of the alleged mistake as the authority of the court to vacate awards was restricted to the four grounds specified in § 658-9. . . . [51 Haw. at 336, 460 P.2d at 319]

We believe that the legislative intent in § 658-9 and § 658-10 was to restrict and curtail all judicial review of arbitration awards and not only review by circuit courts, and we hold that § 658-9 and § 658-10 also restrict the authority of this court to review judgments entered by circuit courts confirming the arbitration awards pursuant to the provisions of the Arbitration and Awards statute. [51 Haw. at 336, 460 P.2d at 320]

The second contention of the contractor requires a more detailed consideration since the contention meets the provision of HRS § 658-9(4).

The parties herein entered into two stipulations empowering the arbitrators, to-wit:

First stipulation provides:

It is hereby stipulated by and between the parties hereto, by and through their respective counsel, that the following controversy be submitted to the arbitrators herein for a finding, determination and award:

MEL CUMMINS BUILDING CONTRACTOR, INC., (hereinafter "Contractor") entered into an agree-

ment with THOMAS H. D. KIM and ALICE H. KIM (hereinafter "Owners") on or about September 6, 1972, to perform work consisting of constructing a new dwelling at Ihiloa Loop, Waialae-iki View Lots, Lot No. 137, Tax Map Key: 3-5-67-09 in accordance with the contract including all plans and specifications pursuant thereto.

Contractor agreed to complete said contract in the manner provided in the contract for the sum of SIXTY SEVEN THOUSAND EIGHT HUNDRED THIRTY DOLLARS ($67,830.00), subject, however, to such additions and deductions as would be mutually agreed upon in writing.

Contractor and Owner agree that the arbitrators are to decide all claims, controversies, demands, disputes, differences and matters whatsoever now pending between Contractor and Owner or contemplated by them relating to or arising out of the contract with its component parts and the performance thereof in connection with the following issues:

1. Whether Contractor neglected to perform the work under the contract properly, or performed any portion of the work defectively, or performed any portion of the work not in accordance with the plans and specifications, and if so, whether such neglect or defective or inadequate performance constitutes a material breach placing Contractor in default under the contract.

2. It is further stipulated that when the arbitrators have made a finding and determination with respect to the rights and obligations or the default, if any, of the parties as set forth, then such determination shall be final and binding on the parties hereto, except as otherwise provided by Hawaii Revised Statutes Sections 658-9 and 658-10, and an award when made, shall be in writing, signed by the arbitrators or a majority of or a majority of them, and acknowledged. It may then be filed with the First Circuit Court, State of Hawaii, for confirmation and entry in the minutes, as provided by Sections 658-8 and 658-13. On such entry, judgment shall be rendered in

favor of the party to whom the sum of money shall have been awarded by such award, with cost thereon as provided in Section 658-12.

It is further stipulated that each party shall pay one-half (½) of the costs of the neutral arbitrator's fees and one-half (½) of the Court Reporter's fees, except the fees for the costs of any transcript of the proceedings, which shall be borne in its entirety by the party ordering such transcript.

Second stipulation provides:

It is further stipulated by and between the parties hereto, by and through their respective counsel, that the issues to be determined by the arbitrators are as follows:

1. Did the contractor neglect to perform the work under the contract properly, or perform any portion of the work defectively, or perform any portion of the work not in accordance with the plans and specifications? Yes___ No___

If your answer is yes then you should proceed to answer question No. 2.

If your answer is no then you will find in favor of the contractor pursuant to paragraph 6 herein below.

2. Was the owner justified in ordering the contractor to stop work on June 20, 1973? Yes___No___

If your answer is yes, then you will proceed to question No. 3.

If your answer is no then you will find in favor of the contractor pursuant to paragraph 6 herein below.

3. Did the contractor express a willingness and ability to correct the grievances listed by the owner on June 26, 1973? Yes ___ No ___

If your answer is yes, then you will proceed to answer question No. 4.

If your answer is no then you will find in favor of the owner pursuant to paragraph 7 herein below.

4. Did the owner prevent the contractor from resuming the work and correcting these grievances? Yes ___ No.___

5. If the owner did not permit the contractor to resume work on the project after June 26, 1973, was the contractor justified in terminating the contract?

6. If the answer to No. 5 is yes, then the contract shall be deemed terminated, the contractor released and held harmless from all further liability therein and the owner shall pay the contractor a sum representing amounts due and owing under the contract for labor and materials together with an amount of $5,820.41 representing prospective profits due under the contract, including interest.

7. If the answer to No. 5 is no, then the contractor shall either be required to complete the work under the contract or pay the owner the difference between the contract price and what it will cost to complete the work based on the lowest of three independent estimates from qualified contractors; in either instance, together with the sum of $2,958.00 representing interest, taxes, FHA insurance and lease rent from July 1, 1973 to March 15, 1974.

The contractor contends that the arbitrators' powers were strictly limited to the second stipulation and that the first stipulation was not relevant and of no effect. We disagree. Clearly the second stipulation merely supplements the first stipulation and the arbitrators are given broad powers based on the two stipulations.

The arbitrators filed the following "finding, determination and award":

(1) Did the Contractor neglect to perform the work under the contract properly or perform any portion of the work defectively, or perform any portion of the work not in accordance with the plans and specifications? YES

(2) Was the Owner justified in ordering the Contractor to stop work on June 20, 1973? YES

(3) Did the Contractor express a willingness and ability to correct the grievances listed by the Owner on June 26, 1973? YES

(4) Did the Owner prevent the Contractor from resuming the work and correcting these grievances? YES

192

(5) If the Owner did not permit the Contractor to resume the work on the project after June 26, 1973, was the Contractor justified in terminating the contract?

This question cannot be answered with an emphatic YES or NO. Under Article 14, General Conditions of the Contract, the Contractor may technically terminate the Contract due to the fact that the work was stopped through an act by the Owner. However, as stated in Question and Answer No. 2, the Owner was justified in this act because of the negligence of the Contractor. In reviewing the Contract, the Owner technically has no right to stop work, whether justified or not, nor does he have the right to terminate the Contract.

In view of the facts that there are undefined phrases in the Contract which encourage individual interpretations and that both parties erred in their performances of the Contract, the Arbitrators by majority vote stipulate two remedies.

REMEDY A: That the construction continue under the same Construction Contract with the following binding provisions:

(1) The Owner shall engage and pay for the services of a licensed Architect to administrate the construction and interpret the contract documents in relation to the construction. The Architect selected must meet the approval of the Contractor. If the selection of the Architect cannot be concluded within 2 weeks, the Arbitrators shall select the Architect.

(2) The Architect's opinion, instructions and written orders are final, whether either parties [sic] agree with him or not.

(3) The Owner is not permitted to instruct or comment on the construction to the Contractor, to his workers or to his Sub-contractors.

(4) The Owner is to compensate the Contractor an additional sum of 10% of the contract price or $6783.00 for inflationary increases.

(5) The Contractor is to complete the project

within 120 *calendar* days from the date of authorization to re-commence. All further work is subject to the same terms and conditions as set forth in the Construction Contract.

Both parties must agree in writing to REMEDY A. If this cannot be agreed upon, with no revisions, then REMEDY B is the alternate decision of the Arbitrators.
REMEDY B: That the Contract be terminated with the following binding provision:

(1) The Contractor is released and held harmless from further liabilities except for any and all mechanic's liens that exist or may be placed on the project at a future date. These liens are in connection with the Contractor's past work on the project.

(2) The Contractor is to furnish Owner with receipts showing payments made in full for all labor, materials and sub-contractors pertaining to the amount of construction completed.

(3) The Owner is to compensate the Contractor a total aggregate sum of $16,957.50 represented by the first progress payment. For settlement of this amount, Owner shall take possession of the site and of all materials and construction performed on the site.

(4) If the Owner chooses to complete the project using the same contract documents with no revisions, he is to obtain a minimum of three bonafide bids for such completion. If the lowest bid exceeds the sum of $61,000.00, the two parties shall share in the cost of the difference equally.

Pursuant to HRS § 658-10, the owners, thereafter, filed a motion for order modifying or correcting the award stating that "Remedy B of the award is imperfect in form in that it fails to specify when Contractor shall pay its share of the excess costs to owner. Clarifying the deficiency does not affect the merits of the controversy".

The circuit court granted the motion by modifying paragraph (4) of Remedy B of the award by adding the following sentence:

The contractor shall pay his share of the cost of said differences to the Owner upon the Owner's receipt of the lowest of three bonafide bids.

We are of the opinion that in the light of both stipulations and the findings, determination and award of the arbitrators, the arbitrators have not exceeded their powers and have not so imperfectly executed their powers so that a mutual, final, and definite award, upon the subject matter, was not made.

In our opinion the provisions of the second stipulation do not restrict nor take precedence over the provisions of the first stipulation. The fact that the arbitrators failed to answer and follow the questions and provisions of the second stipulation does not mean that the arbitrators have exceeded their powers. Clearly, the provisions of the first stipulation granted the arbitrators broad powers to resolve the herein controversy and they were within their granted powers to formulate their own remedies so that a mutual, final, and definite award can be made.

*W. Patrick O'Connor (Barlow & O'Connor* of counsel) for applicant-appellant.

*Neil F. Hulbert (Hong, Wong & Iwai* of counsel) for applicants-appellees.

### DISSENTING OPINION OF KIDWELL, J.

I respectfully dissent.

My disagreement with the majority centers in the interpretation of the two stipulations. The majority concludes that the submission of the dispute to the arbitrators by the first stipulation empowered them to make the award in issue here, and that the second stipulation did not limit that power. I would read the instructions contained in the second stipulation as a constraint upon the powers granted in the first stipulation, so that the effort of the arbitrators to devise a remedy different from that upon which the parties agreed in the second stipulation was in excess of their powers.

I would reverse the judgment and direct the entry of a judgment vacating the award.