886 P.2d 759

**Edward DARCY and Sharon Darcy, Plaintiffs–Appellees,**

v.

**Sione LOLOHEA dba I & J Construction, and I & J Construction Inc., a Hawai'i corporation, Defendants–Appellants.**

**No. 16781.**

Intermediate Court of Appeals of Hawai'i.

Nov. 28, 1994.

Certiorari Denied Dec. 19, 1994.

John T. Komeiji and Curtis C. Kim (Watanabe, Ing & Kawashima, of counsel), on the briefs, Honolulu, for defendants-appellants.

Collin M. (Marty) Fritz and Hilary Benson Gangnes (McKenzie, Trecker & Fritz, of counsel), on the brief, Honolulu, for plaintiffs-appellees.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

ACOBA, Judge.

Defendants–Appellants Sione Lolohea, dba I & J Construction, and I & J Construction, Inc. (Defendants) appeal from 1) a Court Annexed Arbitration Program (the Program) award which became a final judgment on November 13, 1992 (arbitration judgment), and 2) the circuit court order of December 21, 1992, denying Defendants' November 23, 1992 motion to set aside or alter or for relief from the arbitration judgment (motion). The arbitration judgment was entered by the clerk of the court pursuant to an arbitration award issued under the Program.

Hawai'i Revised Statutes (HRS) § 601–20 (Supp.1992) established the Program "as a means to reduce the delay and costs involved in protracted litigation by 'provid[ing] for a procedure to obtain prompt and equitable resolution of certain civil actions in tort through arbitration.'" *Richardson v. Sport Shinko,* 76 Hawai'i 494, 510–11, 880 P.2d 169, 185–86 (1994) (quoting HRS § 601–20(a); Hawai'i Arbitration Rules Rule 2(A); Spec. Comm.Rep. No. S5–86, in 1986 Senate Journal Special Session, at 29).[1] The Hawai'i Supreme Court was authorized to, and did, adopt rules known as the Hawai'i Arbitration Rules[2] (HAR) to implement the Program. *Id.* at 511, 880 P.2d at 186 (citing HRS § 601–20(a)).

The issue, as we view it, is whether an award which has become a final judgment under the HAR, may be challenged in the circuit court or in the appellate courts. We hold that an arbitration award which has become a final judgment pursuant to HAR Rule 21, may not be vacated or modified by the circuit court, or appealed to an appellate court, and therefore, we deny consideration of any appeal on the merits of the arbitration judgment itself, and any appeal of the circuit court's order denying Defendants' motion.[3]

The civil complaint in the instant case was filed on December 10, 1991. The complaint requested damages for personal injuries suffered by Plaintiff–Appellee Edward Darcy (Edward) and derivative injuries suffered by Plaintiff–Appellee Sharon Darcy (collectively, Plaintiffs) as the result of an automobile accident involving Defendants. Because Plaintiffs did not certify that the case exceeded the Program's jurisdictional amount, it was automatically submitted to the Program pur-

1. The Court Annexed Arbitration Program has survived constitutional due process and equal protection challenges. *Richardson v. Sport Shinko,* 76 Hawai'i 494, 880 P.2d 169 (1994) (Hawai'i Arbitration Rules (HAR) Rule 26 is constitutional).

2. The HAR were amended by the Supreme Court of Hawai'i on November 3, 1994 and November 14, 1994. The amendments do not go into effect until January 2, 1995 or February 1, 1995. The rules cited in this opinion are the rules that are currently in effect and that were in effect during the times relevant to this case.

3. We are not faced with the question of the applicability of a public policy exception to the HAR or with the contention that an arbitration award, although final, has been "clearly shown" to have violated public policy. *See Inlandboatmen's Union of the Pacific v. Sause Brothers, Inc.,* 77 Hawai'i 187, 193, 881 P.2d 1255, 1261 (1994).

suant to HAR Rule 8(A).[4] The Program "provide[s] a simplified procedure for obtaining ... resolution" of cases. HAR Rule 2(A). In furtherance of that design, the "[a]rbitration hearings [held] are intended to be informal, expeditious and consistent with the purposes ... of [the] rules." HAR Rule 2(C). The HAR control "[a]fter a case is submitted ... to the Program, and before a Notice of Appeal and Request for Trial *De Novo* [in the circuit court] is filed[.]" HAR Rule 7(C). *Accord* HRS § 601–20.

After a hearing, the arbitrator herein issued a decision in favor of Plaintiffs, awarding $5,000 in special damages to Edward, as his reasonable and necessary medical expenses, and $15,000 in general damages. Thereupon, the arbitration administrator transmitted a copy of the award to Defendants' attorney on October 19, 1992.[5] From that point, any party had twenty days to appeal the award and request a "trial *de novo*" in the circuit court.

> Within twenty (20) days after the award is served upon the parties, any party may file with the clerk of the court and serve on the other parties and the Arbitration Administrator a written Notice of Appeal and Request for Trial *De Novo* of the action.

HAR Rule 22(A).

Defendants did not file any appeal and request for a trial *de novo* from the award. Pursuant to HAR Rule 21, the arbitration award became a final, non-appealable judgment:

> If, after twenty (20) days after the award is served upon the parties, no party has filed a written Notice of Appeal and Request for Trial *De Novo*, the clerk of the court shall, upon notification by the Arbitration Administrator, enter the arbitration award as a final judgment of the court.

Said award shall have the same force and effect as a final judgment of the court in the civil action, but may not be appealed.

HAR Rule 21.

Defendants contend that both the arbitrator and the circuit court erred because Plaintiffs had "failed to prove that their claims fall into any of the exceptions" to the motor vehicle insurance law, HRS chapter 431, article 10C, which would allow them to maintain their civil action. The statute, commonly referred to as the "no-fault law," provides in pertinent part that,

> (b) Tort liability is not abolished as to the following persons ... in the following circumstances:
>
> .    .    .    .    . .
>
> (2) Injury occurs to such person in a motor vehicle accident in which the amount paid or accrued exceeds the medical-rehabilitative limit established in section 431:10C–308 for expenses provided in section 431:10C–103(10)(A) and (B); provided that the expenses paid shall be presumed to be reasonable and necessary in establishing the medical-rehabilitative limit[.]

HRS § 431:10C–306(b)(2) (Special Pamphlet 1987).

Essentially, Defendants argue that the $5,000 designated by the arbitrator as Edward's reasonable and necessary medical expenses, failed to exceed the required medical-rehabilitative expenses threshold of $7,000 under HRS § 431:10C–308 (Special Pamphlet 1987) and section 16–23–10, Motor Vehicle Insurance Law, Hawai'i Administrative Rules (1990) and, thus, Plaintiffs were precluded from suing. Edward had claimed $10,019.91 in past medical expenses but the arbitrator

---

4. In relevant part HAR Rule 8(A) states:
   The court shall view all tort cases as arbitration eligible and automatically "in" the Program unless plaintiff certifies that his or her case has a value in excess of the jurisdictional amount of the Program which is $150,000.

5. The cover letter accompanying the arbitration award from the arbitration administrator informed Defendants' attorney that he should:
   [b]e advised that Rule 21, of The [sic] Hawaii [Hawai'i] Arbitration Rules, Amended 5/1/87,

state [sic]: "If, after 20 days after the award is served upon the parties, no party has filed a written Notice of Appeal and Request for Trial *De Novo*, the Clerk of the Court shall, upon notification by the Arbitration Administrator, enter the arbitration award as a final judgment of the court. Said award shall have the same force and effect as a final judgment of the court in the civil action, but may not be appealed". [sic]

found that only $5,000 in expenses was reasonable and necessary. However, the arbitrator took the position that under HRS "[s]ection 431:10C–306(b)(2) ... there is [a] presumption that amounts paid by [the] no-fault [provider] are reasonable and necessary only for purposes of [filing suit] ... [but not] for purposes of [awarding] damages." Defendants, in response, rely on *Parker v. Nakaoka*, 68 Haw. 557, 722 P.2d 1028 (1986) which held that under the predecessor statute, HRS § 294–6 (1985), a threshold requirement of a significant permanent loss of the use of a part of the body or of a function of the body, must be proven in order to maintain a negligence action. This controversy, however, is not squarely before us.

The concise answer to Defendants' argument is that the issue may not be considered by the circuit court or the appellate courts because HAR Rule 21 unambiguously establishes that, "[i]f after twenty (20) days after the award is served upon the parties, no party has filed a written Notice of Appeal and Request for Trial *De Novo*, ... [the] [s]aid award shall have the *same force and effect as a final judgment of the [circuit] court in the civil action, but may not be appealed.*" (Emphasis added.) When the language of the rule is clear, we must give effect to its plain and obvious meaning. *Richardson v. Sport Shinko*, 76 Hawai'i 494, 512, 880 P.2d 169, 187 (1994).

Because the judgment "may not be appealed[,]" the appellate courts are clearly without jurisdiction to consider the merits of the arbitration decision. This expressly stated prohibition is consistent with "[t]he purpose of the Program [which] is to provide a simplified procedure for obtaining a prompt and equitable resolution" of the controversy. HAR Rule 2(A). Thus, we are without jurisdiction to consider Defendants' appeal from the arbitration judgment.

Nor do we believe that the words "same force and effect as a final judgment of the court in the civil action" permit an attack in the circuit court on an arbitration award which has become final for lack of an appeal under HAR Rule 21. Defendants' motion under Hawai'i Rules of Civil Procedure (HRCP) Rule 59 and Rule 60, if granted, would result in a reopening of the arbitration judgment. *See* 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2853 (1973). The filing of a motion to alter or amend "destroys the finality for purposes of appeal of any judgment that has been entered[.]" 6A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.03[3] at 60–20 to 21 (2d ed. 1993). *Accord In re Dean Trust*, 47 Haw. 304, 387 P.2d 218 (1963) (Tsukiyama, C.J., dissenting).

While not identical to the Arbitration and Awards statute (HRS chapter 658), the arbitration framework of HRS § 601–20 and the HAR exemplify the same purpose of "settl[ing] disputes more expeditiously and inexpensively than by a court action[.]" *Mars Constructors v. Tropical Enter.*, 51 Haw. 332, 334, 460 P.2d 317, 318 (1969). Similarly, then, we deem it consonant with the legislative objective that, generally, court review of the arbitrators' awards under the Program is limited by the provisions of the HAR. *Cf. id.* at 336, 460 P.2d at 319 ("review of [arbitration] awards by the courts were [sic] limited by the provisions of the arbitration statute"). Hence, an arbitrator's award which has become final under the Program is not subject to circuit court review under HRCP Rule 59 and/or Rule 60.

Moreover, allowing the circuit court to reopen and reexamine a final arbitration judgment would defeat the legislature's avowed intent of providing a procedure for the "prompt" resolution of cases. HRS § 601–20. Consideration of such challenges would complicate, delay, and perhaps preclude the implementation and finality of an award. Inevitably, the parties would be exposed to costly and time-consuming litigation, and conceivably, as here, to appeals from orders determining such challenges.

Also, the procedures in the Program do not contemplate such review, for the hearings are not recorded, HAR Rule 17(B), nor are arbitrators required to make findings of fact and conclusions of law, HAR Rule 19(C). Such provisions are consistent with the informal and expeditious nature of the proceedings.

Obviously, then, the HAR do not evince any intent that arbitration awards, once final, may be reopened by the circuit court. The finality of an arbitration award after the appeal period, coupled with its non-appealability, leads inescapably to the conclusion that entry of final judgment is, indeed, meant to end the controversy. So, once metamorphosed into final judgments, arbitration awards may not be attacked in the circuit court by way of such motions.

Our holding is consistent with the provisions of the HAR and would not engender arbitrary results. An arbitrator retains some authority to amend an award "to correct an inadvertent miscalculation or description, or to adjust the award in a matter of form[.]" HAR Rule 20(C). Furthermore, "[a]ny modification of substance can only be made upon application to the Arbitration Judge." HAR Rule 20(C). And, while the boundaries of HAR Rule 11(B) have yet to be explored, it permits "challenge[s] to the authority or the act of an arbitrator" before the arbitration administrator, whose ruling, in turn, may be appealed to the arbitration judge.[6]

But Defendants contend that the rules "lack a mechanism by which an action can be dismissed for failure to reach the medical-rehabilitative limit" under the no-fault law.

While there is no precise "mechanism" for the narrow issue presented, HAR Rule 22 allows, without content restriction, "any party" to file an appeal if it contests any part of the arbitration award. The absence of a specific procedure for dismissal of cases below the threshold is hardly surprising but not fatal, since the HAR apply generally to all designated disputed "civil cases," including Defendants' case.

Defendants maintain they had two options: (1) appeal the award, and (2) move for judg-ment against Plaintiffs after the award became final; and acknowledge a third option, (3) file a motion to dismiss or for summary judgment before the award became final.

As to the first option, Defendants assert somewhat disingenuously that they did "not want to appeal an award ... so favorable." On the contrary, the award was not favorable to Defendants, since, according to them, the arbitrator erroneously granted damages even though the amount of Edward's medical expenses was threshold deficient. Factually, Defendants were "part[ies] dissatisfied with an arbitration award," and so fell within the HAR definition of what would be "appealing part[ies.]" *Kealoha v. County of Hawai'i*, 74 Haw. 308, 326, 844 P.2d 670, 678 (1993) (emphasis omitted). The award, accordingly, was ripe for appeal, but this course was eschewed by Defendants.

Option two, filing the instant motion, is what Defendants chose to do, but which, as we have held, *supra*, was barred by the finality of the award.

■ Option three, that of filing a dispositive motion with the circuit court, is an alternative expressly allowed during the pendency of arbitration proceedings by HAR Rule 7(F)[7], but forborne by Defendants. *See Ross v. Stouffer Hotel Co.*, 76 Hawai'i 454, 879 P.2d 1037 (1994) (motion for summary judgment may be brought while case is in arbitration). According to Defendants, the filing of a dispositive motion would have prodded Plaintiffs into filing an appeal, "thereby wiping out the arbitrator's award" and Defendants' basis for dismissal. But an arbitrator's award cannot be a basis for a dispositive motion filed with the circuit court in any event.

An arbitration award cannot be publicly disclosed until the trial *de novo* is completed, HAR Rule 23(A)[8]; and then only for the

---

**6.** We need not here, and therefore do not, decide when such requests must be made or the appropriate scope of such requests.

**7.** HAR Rule 7(F) provides: "All dispositive motions shall be made to the Circuit Court as required by law or rule notwithstanding the fact that a case is under the Program."

**8.** HAR Rule 23(A) states:

The clerk shall *seal* any arbitration award if a trial *de novo* is requested. The jury will not be informed of the arbitration proceeding, the award, or about any other aspect of the arbitration proceeding. The sealed arbitration award shall not be opened until after the verdict is received and filed in a jury trial, or until after the judge has rendered a decision in a court trial.
(Emphasis added.)

purpose of determining what sanctions should be awarded against a non-prevailing party under HAR Rule 25[9] and Rule 26[10].

But more important, a dispositive motion such as a motion for summary judgment or a motion to dismiss ordinarily rests on matters of record or matters admissible in evidence. *Siangco v. Kasadate,* 77 Hawai'i 157, 883 P.2d 78 (1994) (summary judgment); *Norris v. Hawaiian Airlines, Inc.,* 74 Haw. 235, 240, 842 P.2d 634, 637 (1992) (on motion to dismiss for lack of subject matter jurisdiction, the court may consider the pleadings and " 'any evidence, such as affidavits and testimony' " (quoting *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir.1988)); *Waimea Falls Park, Inc. v. Brown,* 6 Haw.App. 83, 712 P.2d 1136 (1985) (for summary judgment, affidavits must contain admissible information). However, nothing in the HAR permits the introduction of an arbitration award in evidence as the grounds for any dispositive motion filed in the circuit court. *Cf. Keaulii v. Simpson,* 74 Haw. 417, 423, 847 P.2d 663, 667, *cert. denied,* —— U.S. ——, 114 S.Ct. 61, 126 L.Ed.2d 31 (1993) ("A trial *de novo* under the Hawaii [Hawai'i] Arbitration Rules is . . . not bound by the findings or conclusions of the arbitrator."). Other than serving as a final judgment in cases where no appeal is taken, the import of the rules is that the award, as previously indicated, is only to be employed in determining the sanctions against a non-prevailing party following a "trial *de novo*" in circuit court.

Defendants also urge that until the arbitration award becomes final, "there is no final award or decision upon which to base the entry of any judgment . . ., making such a dispositive motion premature." (Emphasis omitted.) Again, the arbitration award cannot be the substance of any dispositive motion, and plainly, the foundation of any dispositive motion must rest in the pleadings or matters admissible in evidence or both.

In that regard, the record does not disclose whether Defendants had informal discovery, or possession of, or access to Edward's medical records as a basis for filing a dispositive motion during the arbitration period or after the arbitration hearing. Certainly, the rules expressly provide for discovery to continue during the pendency of arbitration proceedings, with the necessary approvals. HAR Rule 14.[11] Of course, had Defendants filed an appeal, there would be no impediment to full discovery and the filing of a dispositive motion premised on the supposed infirmity in Plaintiffs' case.

The sum of Defendants' position is that they chose to allow the appeal time to run in order to bottom their motion on a final award which, in their opinion, brought the Plaintiffs' case below the no-fault law's medical-rehabilitative threshold. As we have recounted, the rules preclude the manipulation of an arbitration award in this manner because an award, once final, cannot be appealed and may not, without undermining the objectives of the Program, be reopened by the circuit court.

While we do not fault Defendants' counsel's position, we believe the purpose and provisions of the HAR require our holding. As a result, we dismiss Defendants' appeal of the arbitration judgment because we are without jurisdiction to consider it, and we likewise dismiss Defendants' appeal of the circuit court order denying the motion be-

---

9.  HAR Rule 25 provides that the prevailing party, the person who "appealed and improved upon the arbitration award by 15% or more[,]" or the person whose opposing party "appealed and failed to improve upon the arbitration award by 15% or more[,]" HAR Rule 25(A), is "entitled to costs of trial and all other remedies as provided by law." HAR Rule 25(B).

10. HAR Rule 26 provides that the trial court may impose against the non-prevailing party whose appeal resulted in the trial *de novo* such sanctions as reasonable costs and fees, costs of jurors, and attorneys' fees not exceeding $5,000.

11. HAR Rule 14 states:

   Once a case is submitted or ordered to the Program, the extent to which discovery is allowed, if at all, is at the sole discretion of the arbitrator, except that the parties may at any time serve on other parties standard forms of interrogatories, as approved by the Arbitration Judge. Types of discovery shall be those permitted by the Hawaii [Hawai'i] Rules of Civil Procedure, but these may be modified in the discretion of the arbitrator to save time and expense.

cause the circuit court lacked power to review the arbitration award.