R. CODY WALDEN and HAWAIIAN FOREST SECURITIES, INC., Plaintiffs-Counterclaim Defendants-Appellants,
v.
CHRIS FLANIGAN; JACKIE FLANIGAN; KEVIN B. FLANIGAN; ONOMEA PLANTATION, LLC, Defendants-Counterclaimants-Appellees
No. 28807
Intermediate Court of Appeals of Hawaii.
January 20, 2009.
On the briefs:
John S. Edmunds, Ronald J. Verga, Joy S. Omonaka, (Edmunds & Verga), Robert G. Klein, (McCorriston Miller Mukai MacKinnon), for Plaintiffs-Appellants.
Bert T. Kobayashi, Jr., Bruce Nakamura, (Kobayashi Sugita & Goda), Robert D. Triantos, Edmund W.K. Haitsuka, (Carlsmith Ball, LLP) for Defendants-Appellees.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Plaintiffs-Counterclaim Defendants-Appellants R. Cody Walden and Hawaiian Forest Securities, Inc. (collectively, Appellants) appeal from the Final Judgment filed on October 1, 2007 in the Circuit Court of the Third Circuit (circuit court).[1] The Final Judgment confirmed the Partial Final Award of Arbitrator (Partial Award) and the Final Award of Arbitrator (Final Award) (collectively, Arbitration Award). The Arbitrator found in favor of Appellants on all of their claims except their claims for specific restitution of property located in Onomea, Hawai'i (the Onomea Property), unjust enrichment damages, disgorgement damages, and imposition of a constructive trust on the Onomea Property (collectively, additional equitable remedies); the Arbitrator found in favor of Defendants-Counterclaimants-Appellees Chris Flanigan, Kevin B. Flanigan, and Onomea Plantation, LLC.[2] (collectively, Appellees) on those claims.
On appeal, Appellants argue that the circuit court erred in denying their July 23, 2007 Motion to Vacate Award of Arbitrator (Motion to Vacate) because the Arbitrator's failure to grant Appellants' request for additional equitable remedies was (1) more than mere error in the application of law and beyond the scope of the Arbitrator's authority and (2) violated an explicit public policy. Appellants ask this court to vacate the Final Judgment and remand to the circuit court with instructions to vacate the Arbitration Award and conduct further proceedings as provided in Hawaii Revised Statutes (HRS) § 658A-23(c) (Supp. 2007) .
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Appellants' point of error as follows:
The circuit court did not err in denying Appellants' Motion to Vacate. It is well established that the Hawai'i supreme Court has "confined judicial review of arbitration awards to the strictest possible limits," Mars Constructors, Inc. v. Tropical Enters., 51 Haw. 332, 335, 460 P.2d 317, 319 (1969), to encourage arbitration and discourage litigation. Gadd v. Kelley, 66 Haw. 431, 441, 667 P.2d 251, 258 (1983). "[T]he courts have no business weighing the merits of the arbitration award." Mathewson v. Aloha Airlines, Inc., 82 Hawai'i 57, 69, 919 P.2d 969, 981 (1996) (internal quotation marks, citation, ellipsis, and brackets omitted). Thus, we continue to abide by the general rule that "[a]n arbitration award, if made in good faith, is conclusive upon the parties." Id. at 70, 919 P.2d at 982 (internal quotation marks, and citation omitted).
In this case, the following facts are undisputed: the parties voluntarily agreed to have all disputes encompassed in the lawsuit arbitrated; the arbitration agreement granted the Arbitrator the broad authority to "grant any remedy or relief which the Arbitrator deems just and equitable and within the scope of the agreement of the parties"; the issue of whether to grant Appellants' request for additional equitable remedies was discussed during the hearing; and the Arbitrator carefully considered all evidence and arguments advanced by the parties, including all pleadings, evidence, briefs, and proposed findings of facts and conclusions of law submitted to the Arbitrator, before denying Appellants' request for additional equitable remedies. It is apparent, therefore, that the Arbitration Award was made in good faith and is thus conclusive upon the parties. Id. at 70, 919 P.2d at 982.
With respect to Appellants' scope argument, "[t] he scope of an arbitrator's authority is determined by the relevant agreement." Hamada v. Westcott, 102 Hawai'i 210, 214, 74 P.3d 33, 37 (2003) (internal quotation marks, citation, and brackets omitted). As stated above, the arbitration agreement in this case gave the Arbitrator authority to "grant any remedy or relief which the Arbitrator deems just and equitable and within the scope of the agreement of the parties." Acordingly, the issue of whether to award Appellants' additional equitable remedies was sufficiently within the scope of the Arbitrator's authority.
As to Appellants' public policy argument, this court set forth in Inlandboatmen's Union of the Pacific v. Sause Brothers, Inc. (IUP), 77 Hawai'i 187, 881 P.2d 1255 (App. 1994), a two-part test for establishing the limited public policy exception to the general rule of deference:
[A] court [must] determine that (1) the award would violate some explicit public policy that is well defined and dominant, and that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests, and (2) the violation of the public policy is clearly shown.
Id. at 193-94, 881 P.2d at 1261-62, (internal quotation marks, citation, brackets in original, and ellipsis omitted; bracketed material added; emphases added). This court further stated that "[w]e are mindful that the public policy exception does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy." Id. at 196, 881 P.2d at 1264 (internal quotation marks and citation omitted).
In cases where public policies were found to be sufficiently "explicit," "well defined and dominant," and "ascertained by reference to laws and legal precedents," the public policies involved were often based on explicit statutes or administrative rules. See, e.g., Grievance Arbitration Between State of Hawai'i Org. of Police Officers v. Hawai'i County Police Pep't, 101 Hawai'i 11, 20, 61 P.3d 522, 531 (App. 2002) (Public policy exception established where "[t]he command of HRS § 89-9(d) is explicit and unambiguous. And it is dominant, as HRS chapter 89 is no less than the legislature's paradigm for all collective bargaining agreements."). Even in cases involving explicit statutes, we have held that the limited public policy exception was not established. See, e.g., IUP, 77 Hawai'i at 196, 881 P.2d at 1264 (internal quotation marks, citation, brackets, and ellipsis omitted) (Public policy exception not met where a party points the court to a specific statute, but "the violation of such a statute has not been clearly shown.").
In the instant case, Appellants' offered public policy that "a wrongdoer should not be enabled to profit from his own wrong and that there should be no wrong without a remedy" fails to rise to the level of specificity required by the public policy exception. See Carroll v. Rye TP., 101 N.W. 894, 896 (N.D. 1904) (citations omitted) (" [C]ounsel relies on the maxims: `No one should suffer by the act of another' [and] `[f]or every wrong there is a remedy.' . . . [T]he maxims of jurisprudence are not intended to qualify the positive rules of law, but to aid in their just application."). The Arbitration Award did not violate an explicit public policy for purposes of the limited public policy exception to the general rule of deference.
Therefore,
The Final Judgment filed on October 1, 2007 in the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] The Honorable Glenn S. Hara presided.
[2] Jackie Flanigan was named as a defendant in the First Amended Complaint, but all claims asserted against her by Appellants were dismissed with prejudice pursuant to the "Stipulation and Order Re: Dismissal of Jackie Flanigan as a Defendant, With Prejudice," filed in the underlying arbitration proceeding on July 12, 2006.