THE ARBITRATION OF MORRISON-KNUDSEN COM-PANY, INC., Appellant, *v.* THE MAKAHUENA COR-PORATION and TEAM PACIFIC, INC., Appellees

NO. 8988

(S. P. NO. 5511)

DECEMBER 23, 1983

LUM, C.J., NAKAMURA, PADGETT, AND HAYASHI, JJ., AND CIRCUIT JUDGE TSUKIYAMA IN PLACE OF WAKATSUKI, J., DISQUALIFIED

OPINION OF THE COURT BY NAKAMURA, J.

Morrison-Knudsen Company, Inc. (Morrison-Knudsen or the contractor) sought a substantial modification of an arbitrator's award favoring The Makahuena Corporation (Makahu-

ena or the owner-developer) pursuant to Hawaii Revised Statutes (HRS) Chapter 658. The Circuit Court of the First Circuit, however, confirmed the award with only a slight modification, and the contractor appeals. It asserts the circuit court erred in rejecting an offer of proof that purportedly would have demonstrated the arbitrator's miscalculation of the damages sustained by the owner-developer and in several other respects. What the court rejected were self-serving exhibits consisting of detailed analyses of evidentiary matter presented to the arbitrator and related testimony. We think any alleged miscalculation that could only be established by such means could hardly be deemed "an evident miscalculation of figures." And as the other claims of arbitral mistake were addressed to the merits of the award, we affirm the circuit court's judgment.

I.

The disputes underlying the arbitration and the award at issue arose from the design by Team Pacific, Inc. (the architect) and the construction by Morrison-Knudsen of "The Makahuena," a condominium apartment building located at Poipu, Kauai. The Standard Form of Agreement Between Owner and Architect provided for the arbitration of all claims, demands, and disputes arising thereunder. The construction contract likewise called for the settlement of disputes through the arbitral process. At or near the completion of the construction, questions concerning the performance of both architect and contractor were raised by the owner-developer, who claimed defects in the design of the building as well as in its construction.

Although separate claims were advanced against the architect and the contractor by the owner-developer and the initial demand for arbitration was raised under the construction agreement, the parties after protracted discussions and several abortive attempts to expedite the resolution of the disputes finally executed a tri-partite arbitration agreement. The parties agreed Judge Masato Doi, a retired circuit judge, would "arbitrate all disputes between or among each other in a single arbitration proceeding" and that

[t]he Arbitrator's decision and award shall be final and

binding on all parties to this Agreement and shall not be subject to appeal. A judgment shall be entered upon the decision and award in the appropriate Circuit Court or Courts of the State of Hawaii. Other than as provided in said Chapter 658, no appeal may be taken from a judgment entered upon an award.

The hearings before Judge Doi commenced on October 5, 1981 and extended through April 22, 1982. He issued his decision and awards favoring the owner-developer on July 30, 1982, the award against the architect amounting to $415,699 and that against the contractor adding up to the large sum of $3,412,628. Makahuena promptly sought judicial confirmation of the awards pursuant to HRS § 658-8,[1] and Morrison-Knudsen quickly followed with its application for judicial relief from the arbiter's ruling. While the contractor initially cited HRS §§ 658-9[2] and 658-10 as grounds for vacating or

---

[1] HRS § 658-8 declares:

Award; confirming award. The award shall be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate, and delivered to one of the parties or his attorney. A copy of the award shall be served by the arbitrators on each of the other parties to the arbitration, personally or by registered or certified mail. At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658-9 and 658-10. The record shall be filed with the motion as provided by section 658-13, and notice of the motion shall be served upon the adverse party, or his attorney, as prescribed for service of notice of a motion in an action in the same court.

[2] HRS § 658-9 states:

Vacating award. In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there was evident partiality or corruption in the arbitrators, or any of them;
(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

modifying the award of $3,412,628, the attempt to vacate the award was abandoned later and modification pursuant to § 658-10[3] was the relief ultimately requested.

When the competing motions for confirmation and for correction were heard, the foundation of Morrison-Knudsen's effort to establish the alleged miscalculation of figures consisted of evidence extrinsic of the record made before the arbitrator. The exhibits offered to the circuit court as proof of inaccurate computation were the product of certified public accountants who, at the behest of the contractor, had "performed certain agreed upon procedures with respect to award items" that were being challenged by the contractor. The proffered evidence consisted of the accountants' "analysis" of the contested award claims, the notes accompanying the "analysis," their conclusions regarding the challenged award items, and testimony related thereto.

But the court saw no reason to plunge into the extensive review implicit in the offer of such "proof." And it concluded after considering the written and oral arguments of the parties that the "evident miscalculation of figures" was limited to a sum of $590 in the award against the architect and $1,720 in that adverse to the contractor. The awards were confirmed with reductions in the foregoing amounts by the order and

---

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

[3] HRS § 658-10 reads:

Modifying or correcting award. In any of the following cases, the court may make an order modifying or correcting the award, upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;
(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;
(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof, and promote justice between the parties.

judgment entered below, and Morrison-Knudsen's appeal to this court followed.

## II.

Though several issues are raised on appeal, the basic question is whether the policy on "Arbitration and Awards" declared by the legislature would countenance what was unsuccessfully urged upon the circuit court by Morrison-Knudsen.

## A.

We have not hesitated to state our general view on the judicial consideration of arbitration awards in forthright terms—HRS Chapter 658 "confine[s] judicial review to the strictest possible limits. *Richards v. Ontai,* 20 Haw. 198 (1910); *Thomas v. Lunalilo Estate,* 5 Haw. 39 (1883)." *Mars Constructors, Inc. v. Tropical Enterprises, Ltd.,* 51 Haw. 332, 335, 460 P.2d 317, 319 (1969). For "an extensive . . . review of arbitration awards would frustrate the intent of the parties to avoid litigation and would also nullify the legislative objective in the enactment of the Arbitration and Awards statute." *Id.* at 335, 460 P.2d at 319. And we have often reiterated the obvious by stating an arbitrator's decision "can only be vacated or modified in accordance with HRS Chapter 658." *Loyalty Development Co. v. Wholesale Motors, Inc.,* 61 Haw. 483, 488, 605 P.2d 925, 928 (1980). *See also University of Hawaii Professional Assembly ex rel. Daeufer v. University of Hawaii,* 66 Haw. 214, 224-25, 659 P.2d 720, 726-28 (1983); *Kim v. Mel Cummins Building Contractor, Inc.,* 57 Haw. 186, 188, 552 P.2d 1117, 1118 (1976).

Morrison-Knudsen invoked HRS § 658-10 in seeking modification. The thrust of its argument was that there were duplications and overstatements of damage items. This, it averred, resulted in a miscalculation of the amount of the award. The applicable subsection, § 658-10(1), demands that a miscalculation subject to correction thereunder must be "an evident miscalculation of figures." We have yet to spell out exactly what is encompassed by the phrase. But a clear legislative

policy to further the objectives of arbitration[4] and a desired consistency in applying the provisions of Chapter 658 compel us to read the phrase narrowly and confine judicial review pursuant to § 658-10(1) "to the strictest possible limits." *Mars Constructors, Inc.*, 51 Haw. at 335, 460 P.2d at 319.

Read in this light, "evident miscalculation of figures" can only mean "mathematical errors committed by arbitrators which would be patently clear to a reviewing court." *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, ___, 255 S.E.2d 414, 419 (1979). *Cf. DeMello v. Souza*, 36 Cal. App. 3d 79, 86, 111 Cal. Rptr. 274, 279 (1973) ("it is manifest that the award did not reveal on its face a miscalculation of figures . . .").

B.

The mistakes ascribed to the arbitrator by Morrison-Knudsen were for the most part purported "duplications." What it hoped to establish with matter foreign to the record of the arbitration proceeding was that in twenty-three instances it had been assessed twice or more for an item of defective work. Yet as the circuit court observed, the arbitrator's decision stated "the element of possible duplication of costs in the various items of work as well as possible increases in construction costs have also been considered." And as Makahuena protested, the court's acceptance of the proffered proof would have impelled a rebuttal on its part of the opinions and conclusions of the public accountants that would have entailed numerous references to and extensive discussion of the tran-

---

[4] In *Mars Constructors, Inc.*, we said:

It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action; and also that the objective is to have disputes considered by arbitrators, who are familiar with the problem, in a less formal and combative environment. Thus, it must be deemed that the primary purpose of arbitration is to avoid litigation.

In furtherance of this objective, our legislature enacted the Arbitration and Awards statute, HRS, Ch. 658.

51 Haw. at 334, 460 P.2d at 318-19.

script of the proceeding before Judge Doi and the exhibits presented to him. This then would have placed the court in an anomalous situation of having to weigh the evidence in the record against the extrinsic evidence.

No such procedure is tolerated by HRS Chapter 658, for it was designed to foster the integrity of the arbitral process. *Mars Constructors, Inc.,* 51 Haw. at 334-35, 460 P.2d at 319. Thus, we cannot fault the circuit court's rejection of the material and testimony offered by Morrison-Knudsen to prove the purportedly erroneous computations. Any miscalculation provable only by these means could not have been "a patently clear mathematical error" correctable pursuant to HRS § 658-10(1).

### III.

We also conclude as the circuit court did that the other claims of computational error advanced by the contractor do not fall within the purview of HRS § 658-10 and that the award was not vitiated by the arbitrator's allowance of "post-judgment interest in excess of that provided in HRS § 478-2."

### A.

Morrison-Knudsen asserts there was an "overstatement" of damages because "[t]he arbitrator used various estimates for various items of work and averaged them to compute his damage award for the particular work item." He should, it claims, "have used the lowest responsible estimate." Still, "the fact that an arbitrator may err in applying the law, finding facts, or in construing the contract, or enters an award that is contrary to the evidence adduced, is insufficient grounds for judicial reversal." *University of Hawaii Professional Assembly ex rel. Daeufer,* 66 Haw. at 228-29, 659 P.2d at 728. After all, it was agreed "[t]he Arbitrator's decision and award shall be final and binding on all parties to this Agreement and shall not be subject to appeal," and it was his judgment they had bargained for, not a court's. *Cf. United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599 (1960) ("It is the arbitrator's construction which was bargained for; and . . .

the courts have no business overruling him because their interpretation of the contract is different from his."). HRS § 658-10 thus gave the circuit court no reason to even consider whether the arbitrator should "have used the lowest possible estimate" in fixing the sum to be assessed for an item of defective construction, since nothing in the statute intimates the merits of an arbitration award are judicially reviewable. *Mars Constructors, Inc.,* 51 Haw. at 336, 460 P.2d at 319.

B.

Morrison-Knudsen attacks the award as well as the judgment below for assessing "post-judgment interest in excess of that provided in HRS § 478-2." The pertinent award provision recited that

[s]aid payments [of the awards against the architect and the contractor] shall be made on or before August 16, 1982; and if not so paid, interest on any portion not so paid shall [be] assessed thereon at the monthly floating prime rate of interest established by the First Hawaiian Bank (Honolulu,

Hawaii) plus two percent, retroactive to the date hereof. Since the possible payment of "interest" at two percent above First Hawaiian Bank's "floating prime rate" as assessed by the arbitrator was confirmed in the judgment entered by the circuit court and HRS § 478-2 allows "[i]nterest at the rate of ten percent a year, and no more, . . . on any judgment recovered before any court in the State, in any civil suit," the judgment appears at first sight to be at odds with the statute.

But Makahuena argues the inconsistency is more illusory than real, for what is labelled "interest" was actually intended by the arbitrator as compensation for damages. It contends the award served to compensate the owner-developer for money borrowed at two percent above the prime rate which the contractor had "applied for and was paid" under the construction contract it had not fulfilled. And by ordering the payment of "interest" on any portion of the damage award not paid promptly, the arbitrator "was simply providing compensation for further damages" that would be occasioned by any delay in payment. Morrison-Knudsen tacitly acknowledges that if the arbitrator's decision and award are binding a delay in payment

would result in further damages, which would be measurable by the interest that would continue to accrue on Makahuena's construction loan.

Like the circuit court, we think it reasonable under the circumstances to consider the "interest" assessed by the arbitrator as compensation or a penalty to prevent further damages rather than interest "on any judgment recovered before any court in the State, in any civil suit." *See* HRS § 478-2.

## IV.

The final claim of error advanced by Morrison-Knudsen is related solely to judicial action. The contention is that the confirmation of the award with only the slight modification neither party found objectionable was clear error because $1,529,120 had been paid in partial satisfaction of the award prior to the entry of the court's order and judgment.

But HRS § 658-8 contemplates a judicial confirmation of the award issued by the arbitrator, "unless the award is vacated, modified, or corrected" in accord with HRS §§ 658-9 and 658-10. *See* note 1 *supra.* The circuit court's action conformed to the statutory mandate in both respects; it confirmed the decision and award as issued, but with the correction of "an evident miscalculation." We discern no error on the part of the court or prejudice to Morrison-Knudsen here, for it is fundamental that a party "could have but one satisfaction of judgment." *Kealoha v. Halawa Plantation, Ltd.,* 24 Haw. 436, 439 (1918).

Finding no grounds for reversal, we affirm the order and judgment of the circuit court.[5]

---

[5] In its answering brief Makahuena prays, pursuant to HRS § 607-14.5 and Rule 9 of the rules of this court, that it be allowed an attorney's fee. The award of fees under the foregoing statutory provision and rule, however, is conditioned upon a finding that the claim or appeal is frivolous. We do not view the appeal as one manifestly and palpably without merit so as to indicate bad faith on appellant's part. *See* Powers v. Shaw, 1 Haw. App. 374, 377-78, 619 P.2d 1098, 1101 (1981); Hse. Stand. Comm. Rep. No. 824-80, in 1980 House Journal, at 1662. The fee request is therefore denied.

*Howard K. Hoddick* (*Gilbert D. Butson* and *Emma A. Concepcion* with him on the briefs; *Hoddick, Reinwald, O'Connor & Marrack,* of counsel) for appellant.

*James M. Sattler* (*Matthew J. Yingling* with him on the brief) for Appellee The Makahuena Corp.