In re the MARRIAGE OF Richard B. GAVEND, Appellant and Cross–Appellee,

and

Catherine M. Gavend, Appellee and Cross–Appellant.

No. 88CA0104.

Colorado Court of Appeals, Div. V.

Aug. 17, 1989.

Rehearing Denied Sept. 28, 1989.

Richard B. Gavend, pro se.

Catherine M. Gavend, pro se.

Opinion by Judge REED.

In this dissolution of marriage action, Richard B. Gavend (husband) appeals from the order of the trial court denying his motion to vacate, change, or modify an arbitration award. Catherine M. Gavend (wife) cross-appeals from the order of the trial court requiring the sale of the marital residence, claiming that the trial court erred in entering this order prior to the entry of permanent orders and the decree of dissolution. We affirm.

## I.

Husband contends that the trial court erred in affirming the arbitrator's award. We find no error.

### A.

■ Finding that husband had voluntarily agreed in writing to participate in the arbitration process and had objected neither to the arbitrator nor the process until he verbally received a tentative award, the trial court rejected his claim that he was coerced to participate in the arbitration. These findings of the trial court are supported by the record and we will not disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### B.

■ For similar reasons, the trial court's finding that the award of the arbitrator was timely is binding on appeal. Here, the final submission of the issues was October 29, 1987, when husband submitted additional evidence to the arbitrator concerning the value of his stock portfolio. Hence, the arbitrator's award of November 18, 1987, was issued within the thirty-day time period as provided in the arbitration agreement pursuant to § 13–22–210(2), C.R.S. (1987 Repl.Vol. 6A).

■ Husband's letter of October 29, 1987, to the arbitrator terminating his services for failure to render a written decision within thirty days is without legal effect. Once a controversy is submitted to arbitration, it remains before the arbitrator until an award is rendered unless the parties *mutually agree* to withdraw it. *Cabus v. Dairyland Insurance Co.*, 656 P.2d 54 (Colo.App.1982). Thus, husband's unilateral attempt to terminate the arbitration before the award was entered is a nullity. Accordingly, we conclude that the award of the arbitrator was timely and the arbitrator acted within his authority to render the award.

### C.

■ Husband next asserts that because the arbitration award contained numerous miscalculations and omissions, the trial court erred in denying his motion to vacate, change, or modify the award. We disagree.

An arbitration award is binding upon the parties. *Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo.1982). The arbitrator is the final judge of questions of law and fact, and the award is not subject to review merely because of a claimed mistake on the merits. *International Service Insurance Co. v. Ross*, 169 Colo. 451, 457 P.2d 917 (1969).

To vacate, correct, or modify an award, the statutory grounds set forth in § 13–22–214 or § 13–22–215, C.R.S. (1987 Repl.Vol. 6A) must be followed. As pertinent here, § 13–22–215(1)(a), C.R.S. (1987 Repl.Vol. 6A) provides for modification or correction of an award if "there was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award." However, an "evident miscalculation of figures" refers only to "mathematical errors committed by arbitrators which would be patently clear to a reviewing court." *Morrison–Knudsen Co. v. Makahuena Corp.*, 66 Haw. 663, 675 P.2d 760 (1983).

Here, there is no evident miscalculation of figures or evident mistake. Rather, the husband seeks a review of the merits of the award. Such a review is not permitted

by the statute. *See International Service Insurance Co. v. Ross, supra.*

### D.

Husband also asserts that the award of the arbitrator manifests evident partiality and that the arbitrator exceeded his power by rendering an award that was confiscatory, unconscionable, and impossible for husband to perform. He argues that the disbursement of marital assets and the disparate distribution of the assets and debts, when viewed as a whole, manifests the arbitrator's partiality. Here, again, we reject husband's assertions because he seeks to challenge the merits of the award by merely disagreeing with the arbitrator's findings and conclusions. *International Service Insurance Co. v. Ross, supra.* Moreover, we disagree that the arbitrator exceeded his power, and we find no merit to husband's other contentions.

### E.

■ Husband also asserts that § 13–22–214(1)(b), C.R.S. (1987 Repl.Vol. 6A) is unconstitutional. Even if we assume that this issue is within this court's jurisdiction, it will not be considered by us since husband raises it for the first time on appeal. *Varady v. White*, 42 Colo.App. 389, 595 P.2d 272 (1979).

### II.

■ On cross-appeal, wife asserts that the trial court exceeded its power in ordering the marital residence to be sold before the entry of permanent orders and the decree of dissolution. We disagree.

By the commencement of a dissolution proceeding, a statutory temporary injunction is automatically imposed which restrains both parties from selling or disposing marital property without, as here pertinent, "an order of court." Section 14–10–107(4)(b)(I)(A), C.R.S. (1987 Repl.Vol. 6B). However, under § 14–10–107(4)(b)(II), C.R.S. (1987 Repl.Vol. 6B), this restraint on sale may be modified by temporary orders under § 14–10–108, C.R.S. (1987 Repl.Vol. 6B). Accordingly, the sale of marital property is not absolutely forbidden, but rather is made dependent upon orders of court.

By virtue of § 14–10–108, C.R.S. (1987 Repl.Vol. 6B), the court is empowered to order, among other things, the temporary payment of debts and use of property. Although this section does not specifically provide for the sale of marital assets prior to a final determination of the merits in a dissolution of marriage action, § 14–10–108(4), C.R.S. (1987 Repl.Vol. 6B) does provide that, on the basis of the showing made, the court may issue such temporary orders as are just and proper in the circumstances. We conclude that if, as here, there is evidence of extreme circumstances that co-owned property needs to be sold to preserve equities therein, a court may decree a sale of the property prior to a final determination of the merits of the dissolution action. *Saxon v. Riddel*, 16 Ariz.App. 325, 493 P.2d 127 (1972).

The trial court determined that the parties, because of accumulated marital debts, were in extreme financial circumstances and that the husband's earnings were not sufficient to meet their current expenses and the required payments upon their existing obligations, but that the parties had substantial personal property which could be sold to meet the immediate monthly mortgage payments on the residence. Accordingly, the trial court gave the wife the option to sell personal property in order to make the upcoming mortgage payment or otherwise assume the mortgage payments to avoid selling the home, and if she chose not to do so, then the property was to be listed for sale with the net proceeds retained for division on permanent orders. The court stayed execution of this order for 11 days to allow the wife to exercise this option. The wife declined to do so, and the residence was subsequently sold.

In light of the parties' grave financial situation, we conclude that the trial court acted properly in issuing the order regarding the sale of the house. Thus, we find no error.

Wife's other contentions are without merit.

The orders of the trial court are affirmed.

METZGER and RULAND, JJ., concur.