**SHOLAR GROUP ARCHITECTS, P.C., a/k/a Sholar Group, P.C., a Colorado professional corporation, Plaintiff–Appellant,**

v.

**SOOPER CREDIT UNION, a credit union, Defendant–Appellee.**

No. 02CA2559.

Colorado Court of Appeals, Div. I.

Feb. 26, 2004.

Certiorari Granted Sept. 13, 2004.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3) and § 24–51–1105, C.R.S.2003.

Holt & Stalder, LLC, L. Tyrone Holt, Carrie Lynn H. Okizaki, Denver, Colorado, for Plaintiff–Appellant.

Canges Iwashko Bethke & Bailey, P.C., Erich L. Bethke, James S. Bailey, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this proceeding arising out of arbitration of a construction contract dispute, plaintiff, Sholar Group Architects, P.C., appeals the trial court's order confirming the arbitrator's corrected award in favor of defendant, Sooper Credit Union. We reverse and remand.

Plaintiff and defendant entered into a series of three agreements for plaintiff to provide design services and construction for the remodeling of defendant's office building. Work was completed and payment made pursuant to two of the agreements. When a dispute arose over labor charges under the remaining agreement, plaintiff commenced an arbitration proceeding with the American Arbitration Association (AAA), as provided in the agreement.

Following a five-day hearing, the arbitrator awarded plaintiff $199,338, with costs of the arbitration to be borne equally by the parties. Plaintiff then filed an application for confirmation of the arbitration award and a motion for correction and modification in the district court, alleging obvious mathematical errors that would increase the award by approximately $11,200. On the same day, defendant filed a motion to correct award calculations. Defendant alleged that because both the disputed inflated labor charges and the corrected charges were included, computational errors in the original award would cause it to "double-pay" labor charges.

The arbitrator replied to the parties that he "did miscalculate some figures in the body of [his] initial award" and was "prepared to correct that miscalculation," but needed specific direction from the trial court. Subsequently, the trial court submitted defendant's motion to the arbitrator, and he issued his corrected award, giving defendant $223,063 plus a portion of the arbitration fees. Upon defendant's motion, the trial court confirmed the corrected award.

I.

Plaintiff contends that the trial court erred in confirming the corrected award and failing to reinstate the original award because the arbitrator exceeded his statutory powers to modify the original award and improperly redetermined the merits of the case. We agree.

As a threshold matter, the agreement at issue provided that arbitration was to be conducted in accordance with the "Construction Industry Mediation or Arbitration Rules of the American Arbitration Association" then currently in effect. The rules allow a party, after the initial award, to "request that the arbitrator correct any clerical, typographical, technical or computational errors in the award," and the arbitrator "is not empowered to redetermine the merits of any claim already decided." AAA Construction Industry Arbitration Rule R–49 (2001).

In their motions to correct, both parties cited pertinent Colorado statutes, and the trial court submitted defendant's motion to the arbitrator for consideration in accordance with § 13–22–211, C.R.S.2003. However, at oral argument defendant's counsel argued that the arbitration rules provided broader grounds for modification. This argu-

ment was not raised before the trial court, and defendant has provided no authority in support. In view of defendant's reliance on the statutes before the trial court, we consider the question waived and proceed with an analysis under the statutes. *See First Interstate Bank v. Cent. Bank & Trust Co.,* 937 P.2d 855 (Colo.App.1996)(arguments not presented to, considered by, or ruled upon by trial court may not be raised for first time on appeal).

■ Upon application of a party, the court shall vacate an award where the arbitrators exceeded their powers. Section 13–22–214(1)(a)(III), C.R.S.2003. In the absence of appropriate grounds to modify, vacate, or correct an award, a trial court is required to affirm the award without review of the merits. *McNaughton & Rodgers v. Besser,* 932 P.2d 819 (Colo.App.1996).

Section 13–22–211 provides in part that the arbitrator's authority to modify or correct an award is limited:

> On application of a party or, if an application to the court is pending under section 13–22–213, 13–22–214, or 13–22–215, on submission to the arbitrators by the court under such conditions as the court may order, the arbitrators may modify or correct the award upon the grounds stated in section 13–22–215(1)(a) and (1)(c) or for the purpose of clarifying the award.

Section 13–22–215(1) provides that the award shall be modified or corrected where:

> (a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award;
>
> · · ·
>
> (c) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Thus, when an arbitrator issues an award and delivers it to the parties, amendment or modification of the award by the arbitrator is permitted only under the narrow circumstances listed in § 13–22–211. *Applehans v. Farmers Ins. Exch.,* 68 P.3d 594 (Colo.App. 2003).

## A.

■ We agree with plaintiff's assertion that the arbitrator exceeded his powers to modify the award because the corrected award does not properly remedy an "evident miscalculation of figures."

Plaintiff relies on *Foust v. Aetna Casualty & Insurance Co.,* 786 P.2d 450, 451 (Colo. App.1989), and *In re Marriage of Gavend,* 781 P.2d 161 (Colo.App.1989), both of which quote *Morrison–Knudsen Co. v. Makahuena Corp.,* 66 Haw. 663, 669, 675 P.2d 760, 765 (1983), as follows: "An 'evident miscalculation of figures' refers only to 'mathematical errors committed by arbitrators which would be patently clear to a reviewing court.' " Plaintiff asserts, pursuant to *Applehans,* the term "evident miscalculation of figures" can only mean mathematical errors that appear on the face of the award. According to plaintiff, because an arbitrator may modify the award only on the same limited grounds as may a reviewing court, the arbitrator cannot review the record of the arbitration, and the arbitrator must rely solely upon the information contained within the four corners of the original award. While we apply a slightly different standard, we agree the corrected award cannot stand.

The division in *Foust* concluded that modification of an arbitration award is authorized under § 13–22–215(1)(a) "only if it seeks to effectuate the clearly expressed intent of the arbitrator by correcting a mathematical error without altering his conclusion on the merits." *Foust v. Aetna Cas. & Ins. Co., supra,* 786 P.2d at 451–52. In *Foust,* the division determined that the trial court's modification was "diametrically opposed to the intent of the arbitrator." *Foust v. Aetna Cas. & Ins. Co., supra,* 786 P.2d at 452.

In *Applehans v. Farmers Insurance Exchange, supra,* a division of this court noted that the Uniform Arbitration Act, upon which Colorado's act is modeled, allows a limited opportunity for modification of an award containing a miscalculation "evident on its face." *Applehans v. Farmers Ins. Exch., supra,* 68 P.3d at 597 (citing Uniform Arbitration Act § 20, official cmt. 2 (2000)).

Here, in the arbitration proceedings, the parties agreed defendant was obliged to pay plaintiff for the cost of the work, including labor, plus twelve percent as a contract fee. Costs were to be billed at "rates not higher than the standard paid at the place of the Project." The arbitrator found that defendant did not challenge the number of hours for which plaintiff billed, but only the rate at which it billed. The arbitrator then accepted the labor rates presented by defendant's expert.

In his original award, the arbitrator calculated the amount due by adding general requirements, nonlabor costs, and labor costs in the first eleven draws and one-half of that claimed on draw 12. Draws 13 through 19A included nonlabor costs and labor costs, but not general requirements. In its motion to the arbitrator to correct award calculations, defendant pointed out that the general requirements category, as used by plaintiff, included the excessive labor charges, and that adding the general requirements to defendant's expert's labor charges resulted in double payment for labor.

The arbitrator concluded in his corrected award that "[t]he category of General Requirements was not used by the parties in this case as it usually is on construction projects which caused me to miscalculate the proper labor charges in my initial Award." In his corrected award, the arbitrator deducted the labor costs that previously were included in the general requirements category. The arbitrator then recalculated the award using nonlabor costs and labor costs, but not general service requirements for draws 1 through 5 and 7 through 19A. Draw 6 included general requirements and labor costs.

We agree the original award indicates that the arbitrator's intent was to require defendant to pay only standard costs, including labor, plus a twelve percent fee. The arbitrator's corrected award appears to be based on his conclusion that the category of general requirements was not used by the parties in this case as it usually is on construction projects. However, there is nothing in the original award defining general requirements or indicating how general requirements were used by the parties. The arbitrator states in the original award only: "[Defendant] challenges the charges made for General Requirements but made no attempt to challenge specific elements of the costs included in that category of costs. However, since the completion date for the work was never extended, charges for General Requirements after June 15, 2001 are not proper and are not allowed."

Thus, we find nothing in the original award that justifies the corrected award.

## B.

We further agree with plaintiff that the arbitrator exceeded his power to modify an award because he improperly redetermined the merits of the case.

■ An arbitration award is not open to review on the merits. The merits of an arbitration award include asserted errors in the arbitrator's determination of factual issues and the interpretation of a contract. See *Applehans v. Farmers Ins. Exch., supra* (modification of award to include contractual right to limit recovery to policy limits affects merits); *Container Tech. Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119 (Colo.App.1989); *In re Marriage of Gavend, supra* (disagreement with arbitrator's findings and conclusions amounts to a challenge on the merits).

## C.

■ Relying on that portion of § 13–22–211 stating "or for the purpose of clarifying the award," defendant nevertheless argues that the corrected award is an appropriate clarification of the original award. Defendant reasons that the arbitrator stated he was adopting the labor calculations of defendant's expert, but awarded plaintiff labor rates that were not those of the expert. In defendant's view, this created a patent ambiguity that required clarification. Defendant interprets the statutory phrase to mean that the arbitrator has the power to clarify an award, even if that clarification affects the merits, and that the clarification language is unique to review by the *arbitrator* and is not an available standard of review for district courts. We are not persuaded.

The statute does not define "clarifying" or otherwise indicate what this phrase means. Defendant cites three cases in support of its patent ambiguity argument, *San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Division,* 481 F.2d 821 (5th Cir. 1973); *Dade County Police Benevolent Ass'n v. City of Homestead,* 642 So.2d 24 (Fla.Dist. Ct.App.1994); and *Menahga Education Ass'n v. Menahga Independent School District No. 821,* 568 N.W.2d 863 (Minn.Ct.App. 1997). Those cases generally hold that where an award is patently ambiguous, the trial court should remand the matter to the arbitrator for clarification. In *Menahga Education Ass'n,* the court also stated that where an arbitrator's award is ambiguous the correct action is "to resubmit the award to the arbitrator's bargained-for construction of the facts and decision under the contract." *Menahga Educ. Ass'n v. Menahga Indep. Sch. Dist. No. 821, supra,* 568 N.W.2d at 866.

However, in each case ambiguity was evident on the face of the award. *See San Antonio, supra,* 481 F.2d at 824 (term "make whole for any loss of earnings" could be interpreted in a variety of ways); *Dade County* (award is susceptible of a finding that just cause did exist for the demotion as well as an opposite finding that it did not exist); *Menahga* (ambiguity existed between the intent of finding number 1 and the intent of findings 2 and 3 in the award paragraph).

Here, even if we were to accept defendant's interpretation that the matter can be remanded to the arbitrator for clarification of a patent ambiguity, we find no such patent ambiguity in the original award. There is nothing in the original award to indicate that the category of general requirements had a unique meaning for the parties.

In view of our disposition, we need not address plaintiff's assertion that the arbitrator's corrected award and the trial court's order confirming that award are contrary to Colorado public policy and undermine the arbitration process.

## II.

We also agree with plaintiff's contention that the trial court erred in denying its motion to modify the original award to correct the $11,200 miscalculation.

The original award reflects a mathematical error in Draw 8. The total of $226,822 and $16,510 is $243,332, not $233,322 as stated in the award. Therefore, an adjustment in this figure and a recalculation of the twelve percent fee applied to the $243,332 total is required.

The order is reversed, and the case is remanded to the trial court with instructions to reinstate the original award with the mathematical correction identified in part II of this opinion.

Judge TAUBMAN and Judge WEBB concur.