**SOOPER CREDIT UNION, a credit union, Petitioners,**

v.

**SHOLAR GROUP ARCHITECTS, P.C., a/k/a Sholar Group, P.C., a Colorado professional corporation, Respondents.**

No. 04SC206.

Supreme Court of Colorado,
En Banc.

June 13, 2005.

Canges, Iwashko, Bethke & Bailey, PC, Erich L. Bethke, James S. Bailey, Denver, for Petitioner.

Holt & Stalder, LLC, L. Tyrone Holt, Carrie L. Okizaki, Mathew Osofsky, Denver, for Respondent.

Justice RICE delivered the Opinion of the Court.

Petitioner seeks review of the court of appeals' decision reversing the district court's confirmation of the corrected arbitration award and reinstating the initial award. We reverse and remand.

Section 13–22–211, 5 C.R.S. (2003), empowers an arbitrator to clarify an award that is confusing due to an error, ambiguity, or general lack of clarity. In such a circumstance, an arbitrator may modify the award to make it clearer and thereby effectuate his or her intent. The statute does not require that the confusion be evident on the face of the award or patently ambiguous, but an arbitrator may not redetermine the merits.

In the present case, the arbitrator held that Respondent charged excessive labor rates above the contractually agreed upon standard rates. Therefore, Petitioner prevailed on the merits. Nonetheless, the initial award was internally inconsistent because the arbitrator double charged Petitioner both standard and excessive labor rates when calculating the amount of recovery. When given an opportunity to correct this miscalculation, the arbitrator did so, eliminating confusion and effectuating his stated intent that Petitioner pay only standard labor rates.

This correction was a statutorily authorized clarification of the award. In addition, it did not constitute a redetermination on the merits. The relevant issue in arbitration was whether Respondent had overcharged Petitioner for labor. The arbitrator's affirmative determination remained unaltered in the corrected award. Removing the excessive labor rates from the recovery amount calculation was necessary to accurately implement the arbitrator's intent.

For these reasons, the arbitrator acted within his statutory authority, and the district court's confirmation of the corrected award should have been upheld.

## I. Facts and Proceedings Below

This case concerns the statutory power of an arbitrator to modify an admittedly erroneous initial award upon a party's timely motion. Petitioner Sooper Credit Union entered into a contract with Respondent Sholar Group, P.C. to design and remodel Petitioner's main office. Specifically, the parties agreed to a "cost plus" fee arrangement, whereby Petitioner promised to pay Respondent a "Contract Sum equal to the Cost of the Work ... plus twelve percent (12%) thereof as [Respondent]'s contract fee." Cost of the work was defined as the "costs necessarily incurred by [Respondent] in the proper performance of the Work," though only "at rates not higher than the standard paid at the place of the project except with prior consent of [Petitioner]."

Work commenced, and Petitioner began paying for Respondent's performance as it was completed. Yet, Petitioner soon became concerned about mounting project overruns. Admittedly without "experience in the construction process," Petitioner hired an expert to investigate Respondent's charges. Shortly thereafter, Petitioner learned that it had been paying for labor above standard rates, which in its view violated the contract. This discovery prompted Petitioner to cease all payments. When the parties could not resolve the ensuing impasse, they entered arbitration pursuant to the contract.

In its Demand for Arbitration, Respondent identified compensable damages as "the 'Cost of the Work' plus twelve percent." Petitioner argued that Respondent's calculation of the cost of the work was improper because it had billed over $400,000 in excessive, nonstandard labor charges. Thus, Petitioner did not challenge the number of hours billed—only Respondent's charged labor rates. Following a five-day evidentiary hearing, the arbitrator found that Petitioner had been charged for labor in excess of the agreed upon standard rates.

To calculate the outstanding balance and to whom it was owed, the arbitrator looked at Respondent's draws, and added together an undefined "General Requirements" category and a "Non-labor Costs" category. That sum was increased by twelve percent, the agreed project fee. Then, the arbitrator added proper labor costs including a twelve percent fee as adopted from Petitioner's expert witness.[1] By combining these four sums, the arbitrator arrived at a total amount due of $2,685,464. Subtracting what Petitioner had already paid, the arbitrator

---

1. Seven of Respondent's nineteen draws were composed of only labor and non-labor costs and

therefore, did not provide for general requirements.

concluded that Respondent had been underpaid by $199,338, and entered an initial award accordingly.

After receiving the initial award, Respondent filed an application for confirmation in the district court. This application, however, was qualified by a motion for correction of a mathematical error, as Respondent discovered an obvious $11,200 miscalculation in Petitioner's favor. On or about the same day, Petitioner filed an application to correct the award with the arbitrator, pointing out that the general requirements category upon which the arbitrator calculated the amount of recovery included Respondent's excessive labor rates. Since the arbitrator added proper labor costs to general requirements, according to Petitioner, the arbitrator had mistakenly required it to pay both the excessive and standard labor amounts.

The arbitrator responded to both parties by letter, stating that he had been "subjected to a plethora of contradictory numbers" and that he "in fact did miscalculate some figures in the body of [his] initial award." Yet, due to Respondent's action before the district court, the arbitrator felt it was inappropriate to correct the award absent the court's direction. Petitioner then moved the district court to correct the award's calculations, specifically asking that the court return the matter to the arbitrator. The district court assented and "submitted [the motion] to the Arbitrator ... for consideration."

Shortly thereafter, the arbitrator issued a corrected award that did not include improper labor costs from the general requirements category. To recalculate monies earned, the arbitrator added proper labor costs and non-labor costs together.[2] The arbitrator explained that "[t]he category of General Requirements was not used by the parties in this case as it usually is on construction projects which caused me to miscalculate the proper labor charges in my initial award." Without double charging Petitioner for labor, the arbitrator concluded that Respondent had earned $2,263,063 for its services. Since Petitioner had paid $2,486,126, it was owed the overage of $223,063.

The district court confirmed the corrected award and entered judgment. Respondent appealed, arguing that the arbitrator exceeded his statutory power by modifying the initial award and redetermining the merits. Petitioner, in contrast, contended that the corrected award was either a "clarification" or based upon an "evident miscalculation of figures"; in any event, the arbitrator did not redetermine the merits. In a published opinion, *Sholar Group Architects, P.C. v. Sooper Credit Union*, 97 P.3d 258 (Colo.App.2004), a unanimous division of the court of appeals agreed with Respondent and reversed the district court's confirmation of the corrected award.

First, the court of appeals noted that "when an arbitrator issues an award and delivers it to the parties, amendment or modification of the award by the arbitrator is permitted only under the narrow circumstances listed in [the statute]," such as a miscalculation of figures evident on the face of the award. *Id.* at 260 (citing *Applehans v. Farmers Ins. Exch.*, 68 P.3d 594, 597 (Colo. App.2003)). Then, applying this interpretation to the initial award, the court of appeals recognized that "the arbitrator's intent was to require [Petitioner] to pay only standard costs, including labor, plus a twelve percent fee." *Sholar Group Architects*, 97 P.3d at 261. However, since nothing in the initial award defined general requirements or indicated how the term was used by the parties, the court of appeals concluded that the corrected award was not based upon an evident miscalculation; as a result, the corrected award was unjustified. *Id.*

Further agreeing with Respondent, the court of appeals went on to hold that the corrected award constituted an improper redetermination on the merits. *Id.* The court of appeals believed that the arbitrator was determining factual issues and interpreting the parties' contract when it removed Respondent's improper labor charges from general requirements. *See id.* (citing *Applehans*, 68 P.3d 594; *In re Marriage of Gavend*, 781 P.2d 161 (Colo.App.1989); *Con-*

---

**2.** Only one draw contained costs other than improper labor in its general requirements category, and that sum was added to the corrected award.

*tainer Tech. Corp. v. J. Gadsden Pty., Ltd.,* 781 P.2d 119 (Colo.App.1989)).

Finally, the court of appeals rejected Petitioner's argument that the corrected award was a permissible clarification of the initial award, which contained a patent ambiguity. Assuming that such a clarification could be made under the statute, the court of appeals found no patent ambiguity evident on the face of the initial award, again because "nothing ... indicate[d] that the category of general requirements had a unique meaning for the parties." *Sholar Group Architects,* 97 P.3d at 262. Based on these holdings, the court of appeals required Petitioner to pay Respondent the sum of the initial award plus the obvious $11,200 mathematical error identified by Respondent. *Id.*

Petitioner sought review and we granted certiorari to determine whether the court of appeals erred in vacating the arbitrator's corrected award.[3] Reviewing the applicable statutes and the arbitration award, we hold that the arbitrator had statutory authority to correct his error for the purpose of clarifying the award and that his clarification was not a redetermination on the merits. Accordingly, we reverse the decision of the court of appeals and remand for proceedings consistent with this opinion.

## II. Analysis

 Once an arbitrator issues and delivers an award to the parties, modification or correction is permitted only under the "narrow circumstances" provided by statute. *Applehans,* 68 P.3d at 597 (citing *Farmers Ins.*

---

3. The three questions we granted certiorari on are as follows:
 1. Whether the arbitrator had the authority to correct his award to remedy an evident misdescription or "evident miscalculation of figures" where he acknowledged a miscalculation resulting in a "double recovery" to Plaintiffs.
 2. Whether the court of appeals erred in its interpretation of C.R.S. § 13–22–211 by adding a requirement that an ambiguity be evident in the face of the initial award.
 3. Whether the arbitrator exceeded his power because he improperly redetermined the merits when he corrected his initial award to eliminate his admitted miscalculation.

4. These referenced subsections from section 13–22–215, which governs modification or correc-

---

*Exch. v. Taylor,* 45 P.3d 759 (Colo.App.2001); *Foust v. Aetna Cas. & Ins. Co.,* 786 P.2d 450 (Colo.App.1989)). Section 13–22–211, 5 C.R.S. (2003), *repealed and reenacted as amended at* § 13–22–220, C.R.S. (2004), of the Uniform Arbitration Act of 1975 ("the Act") provides that on application by a party or submission by the court, an "arbitrator[ ] may modify or correct [an] award upon the grounds stated in section 13–22–215(1)(a) and (1)(c) or *for the purpose of clarifying the award.*" (emphasis added).[4]

### A. The Removal of Respondent's Excessive Labor Rates Was a Statutorily Authorized Clarification

 As the court of appeals noted, "clarifying" is not defined in the Act. *Sholar Group Architects,* 97 P.3d at 262. When construing statutes, we undertake de novo review and look first to the plain language, always striving to give effect to the General Assembly's intent and chosen legislative scheme. *E.g., In re Marriage of Chalat,* 112 P.3d 47, 2005 WL 1138538, at *6 (Colo.2005). We interpret every word, rendering none superfluous; undefined words and phrases are read in context and construed literally according to common usage. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 597, 599 (Colo.2005) (citing *People v. Yascavage,* 101 P.3d 1090, 1093 (Colo.2004)). Furthermore, if the statute is clear and unambiguous, we unreservedly apply it as written. *E.g., In re Marriage of Chalat,* 112 P.3d 47, 2005 WL 1138538, at *6.

---

tion of an arbitration award by the court, establish two additional circumstances equally applicable to modification or correction by the arbitrator: "[t]here was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award," and "[t]he award is imperfect in a matter of form, not affecting the merits of the controversy." § 13–22–215(1)(a), (c), 5 C.R.S. (2003), *repealed and reenacted as amended at* § 13–22–224, C.R.S. (2004). We need not address whether the arbitrator's recalculation of the total project cost was authorized by either of these two additional circumstances because we conclude that it was a permissible clarification of his confusing initial award.

Relevant here and comporting with common usage, the *American Heritage Dictionary* defines "clarify" as "[t]o clear of confusion or uncertainty." Joseph P. Pickett et al., eds., *American Heritage Dictionary of the English Language* (4th ed.2000). The word does not connote a reassessment or redetermination, but rather involves making something clear or understandable. Thus, applying the unambiguous statute as written, when an arbitrator determines upon a party's motion or the court's remand that an award is unclear, he or she may clarify it as necessary. This does not mean that an arbitrator may reexamine the merits under the auspices of clarification—merely that an arbitrator's mistake, ambiguity, or general lack of clarity may require elucidation for the parties and reviewing courts to make sense of an arbitration award.

■ The court of appeals rejected clarification in the present case, finding no "evident," "patent ambiguity in the original award." *Sholar Group Architects,* 97 P.3d at 262. Such a requirement, however, does not appear in section 13–22–211. As just discussed, the General Assembly plainly declared that an arbitrator may "modify or correct the award … for the purpose of clarifying the award." § 13–22–211. This unambiguous phrase means that a confusing award may be clarified as required for better understanding. Nowhere does the statute impose an additional requirement that the confusion be evident or apparent strictly on

the face of the award. Had the General Assembly intended to limit clarification to patently ambiguous awards, it would have said so. Accordingly, we will not read in such a requirement that the General Assembly plainly chose not to include. *See In re Marriage of Chalat,* 112 P.3d 47, 2005 WL 1138538, at *7 (citing *Dikeou v. Dikeou,* 928 P.2d 1286, 1292–93 n. 4 (Colo.1996)).[5]

Moreover, ignoring section 13–22–211's plain language by reading in a patent ambiguity requirement would not make sense. The statutory authority to modify an award for clarification purposes is only bestowed upon the arbitrator; the reviewing court only may correct an evident miscalculation or descriptive mistake, imperfect form, or an award in which the arbitrator reached nonsubmitted matters. *Compare* § 13–22–211, *with* § 13–22–215. Since a reviewing court neither conducts the arbitration nor formulates and drafts the award, it has no basis apart from extrinsic evidence, *see Landmark Petroleum, Inc., v. Bd. of County Comm'rs,* 870 P.2d 610, 613 (Colo.App.1993), upon which to correct miscalculations not evident on the award's face or to clarify a vague, confusing award.

■ Only the arbitrator absolutely knows what was intended in the award. And, it is the arbitrator's intent, not the court's, for which the parties bargained. *See* § 13–22–215(2) ("[T]he court shall modify and correct the award so as to effect its intent …."); *Foust,* 786 P.2d at 451–52 (concluding that

---

5. The three cases cited by the court of appeals cannot persuade us to construe section 13–22–211 contrary to its plain language. Instead of discussing the power of an arbitrator to modify an award, two of these non-Colorado cases concerned a court's modification authority and did not involve issues of statutory construction; interestingly, both courts held that the arbitrator and not the reviewing court should resolve ambiguities in the award. *See San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div.,* 481 F.2d 821, 825 (5th Cir.1973) (holding that arbitrator and not reviewing court should resolve ambiguity in award); *Dade County Police Benevolent Ass'n v. City of Homestead,* 642 So.2d 24, 25 (Fla.Dist.Ct.App.1994) (holding that since award was ambiguous, court could not render meaningful consideration of motion to vacate and should have remanded to arbitrator for clarification).

In the third case, the lower court had undertaken its own analysis of an ambiguous arbitration award despite a state statute nearly identical to sections 13–22–211 and –215. *Menahga Educ. Ass'n v. Menahga Indep. Sch. Dist. No. 821,* 568 N.W.2d 863, 866 (Minn.Ct.App.1997). Reversing this improper encroachment, the appellate court held that "[w]here an arbitrator's award is ambiguous … the court is not to weigh the merits under the law but instead to resubmit the award to the arbitrator's bargained-for construction of the facts and decision under the contract." *Id.* (citing cases). "[C]onfirmation and enforcement by the judiciary [was] impossible" because "the arbitrator's award supports opposing conclusions …." *Id.* at 867 (citing case). Although the ambiguity in *Menahga* was patent, the court did not say or even suggest that such was a requirement for remanded clarification, just that in cases with patently ambiguous awards, remand to the arbitrator was a necessity.

reviewing court's task is "to effectuate the clearly expressed intent of the arbitrator"). Therefore, only the arbitrator properly can elucidate his or her intent obscured by a mistake, ambiguity, or general lack of clarity. *See Osborn v. Packard,* No. 03CA0679, 117 P.3d 77, 82, 2004 WL 2609566, at *6 (Colo. App. Nov.18, 2004) ("[W]here an ambiguity cannot be resolved by the record, the court must not attempt to interpret the terms. Rather, the matter must be remanded to the arbitrator for clarification.") (citing *Tri–State Bus. Machs., Inc. v. Lanier Worldwide, Inc.,* 221 F.3d 1015 (7th Cir.2000)).

A rule preventing arbitrators from performing this function would ignore the reality that they "make mistakes and overlook contingencies and leave much to implication and assumption," thereby "cloth[ing] arbitrators with an ill-fitting mantle of infallibility." *Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL–CIO, CLC, Local 182B v. Excelsior Foundry Co.,* 56 F.3d 844, 847 (7th Cir.1995). Indeed, not all arbitrators' errors are evident on the face of an award. For example, a slightly misplaced numeric decimal point might not be patently ambiguous, but the scrivener's error would prevent the arbitrator's intended ruling from taking effect.

Since the reviewing court cannot correct such mistakes pursuant to the Act, it is necessary for the arbitrator to do so. Otherwise, the arbitrator's intended ruling on the merits, which the parties bargained for, may not be effected. Of course, the check against abuse of this function, as mentioned above, is that the arbitrator cannot announce clarification while in essence redetermining the merits.

Having construed the statute, we now must decide whether the arbitrator's corrected award was justified under the narrow circumstances in section 13–22–211. Upon review, we conclude that it was. The corrected calculation of the amount Respondent earned for work completed can be characterized as a clarification of the initial award. Therefore, the arbitrator acted within his statutory modification authority, and the court of appeals erred in holding otherwise.

Examining the initial order, it is clear that Petitioner prevailed on the central issue of whether Respondent had overcharged for labor. As the arbitrator declared in his initial award, "the only evidence of hourly '... rates not higher than the standard paid at the place of the Project ...' specific to the situation presented was that of [Petitioner's expert]." For that reason, the arbitrator stated that he was using Petitioner's submitted, proper labor rates to calculate the amount of recovery. Yet, despite that expressed intent, the arbitrator mistakenly included Respondent's improper, charged labor rates by including the general requirements cost category from numerous draws.

When the arbitrator learned upon Petitioner's timely motion that he effectively double charged Petitioner for labor at both proper and improper rates, the arbitrator acknowledged by letter that he had miscalculated figures. And, when the district court directed the arbitrator to make requisite corrections, the arbitrator explained in his corrected award that he had "miscalculate[d] proper labor charges" because "[t]he category of General Requirements was not used by the parties in this case as it usually is on construction projects." That is, the arbitrator mistakenly included Respondent's improper labor costs in several general requirements draws. In the corrected order, the arbitrator clearly remedied his mathematical error: "I have now correctly computed my Corrected Award using just two cost categories, labor and non-labor."

The just described error and correction sequence was a clarification of the initial award. Indeed, it is difficult to imagine a plainer instance of an arbitrator modifying or correcting an award for the purpose of clarifying it. Here, the initial award was internally inconsistent. Petitioner prevailed on the issue of proper labor charges, and the arbitrator stated that he was applying Petitioner's labor calculations. Yet, the arbitrator charged both the submitted, proper labor costs and the billed, improper costs. In effect, the arbitrator said one thing and then did another. This confusing contradiction, acknowledged by the arbitrator, required clarification. *Cf. Landmark Petroleum,* 870

P.2d at 613 (holding that where arbitrator recognized own error, court could modify award to comport with arbitrator's intent). Thus, by recalculating the award using only proper labor costs based on the standard rates, the arbitrator certainly acted within section 13–22–211's circumstance "of clarifying the award."

## B. The Corrected Award Did Not Involve an Impermissible Redetermination on the Merits

Since we conclude that the arbitrator's recalculation of the total project cost was a clarification of his initial award, we need not address whether it also was a correction of an evident mistake, evident miscalculation, or imperfect form pursuant to subsection 13–22–215(1)(a), (c). Nevertheless, Respondent maintains that the arbitrator's corrected award constituted an improper redetermination on the merits because he made new findings of fact and law concerning the general requirements cost category. We disagree.

As discussed above, a clarification pursuant to section 13–22–211 does not encompass a redetermination on the merits. *See also* Am. Arbitration Ass'n Constr. Indus. Arbitration R. R–49 (2001) ("[An] arbitrator is not empowered to redetermine the merits of any claim already decided."). And, in the context of a court's review of an arbitration award, the merits, as stated by the court of appeals, can be said to include "asserted errors in the arbitrator's determination of factual issues and the interpretation of a contract." *Sholar Group Architects,* 97 P.3d at 261 (citing *Applehans,* 68 P.3d at 597; *In re Marriage of Gavend,* 781 P.2d 161; *Container Tech.,* 781 P.2d 119).

In the present case, Petitioner challenged Respondent's excessive labor rates. The number of hours billed was not in dispute; rather it was the amount Respondent charged per labor hour that Petitioner contested. The arbitrator resolved the issue in his initial award, determining that the rates submitted by Petitioner's expert were appropriate. This was the relevant resolution on the merits: the parties bargained for standard labor rates, and Petitioner's tendered

rates were standard while Respondent's charged rates were excessive.

The arbitrator's corrected award did not alter this initial determination on the merits that Respondent overcharged Petitioner for labor. Although the actual amount of recovery changed, a comparison of the two awards demonstrates that the arbitrator's ruling on the merits remained constant. Since the general requirements category included Respondent's excessive labor costs, the miscalculation in the initial award subjected Petitioner to both standard and excessive labor rates, giving Respondent a windfall double recovery. In the corrected award, the arbitrator remedied his mistake and clarified the initial award by removing Respondent's improper labor costs. Yet, the arbitrator neither determined new labor rates nor altered the number of hours billed. As a result, the arbitrator's recalculated total project cost was not a redetermination on the merits; it merely was a clarification consistently implementing the initial award's ruling on the merits that Respondent's charged labor rates were excessive.

## III. Conclusion

Section 13–22–211 empowers an arbitrator to modify or correct an award for the purpose of clarifying it. This means that where an award is confusing due to an error, ambiguity, or general lack of clarity, an arbitrator may modify it to make it clearer and thereby effectuate the arbitrator's intent. The statute does not require that the confusion be evident on the face of the award or patently ambiguous, but an arbitrator may not redetermine the merits when clarifying an award.

◼ Here, Petitioner prevailed on the merits: the arbitrator held that Respondent charged excessive labor rates above the contractually agreed upon standard rates. Yet, the initial award was internally inconsistent because the arbitrator double charged Petitioner both standard and excessive labor rates when calculating the amount of recovery. When given an opportunity to correct this miscalculation, the arbitrator did so, eliminating confusion and effectuating his

stated intent that Petitioner pay only standard labor rates.

This correction was a statutorily authorized clarification of the confusing initial award. In addition, it did not constitute a redetermination on the merits. The relevant issue in arbitration was whether Respondent had overcharged Petitioner for labor. The arbitrator's affirmative determination remained unaltered in the corrected award. Removing the excessive labor rates from its recovery amount calculation was necessary to clarify the initial award and accurately implement the arbitrator's intent.

For the reasons stated above, the arbitrator acted within his statutory authority, and the district court's confirmation of the corrected award should have been upheld. Accordingly, we reverse and remand the decision of the court of appeals with instructions to remand to the district court for proceedings consistent with this opinion.

The judgment of the court of appeals is reversed.

Justice BENDER does not participate.