COLORADO BOARD OF PSYCHOL-
OGIST EXAMINERS, Appellee,

v.

Dr. I.W., Psy.D., Respondent–Appellant.

No. 04CA2001.

Colorado Court of Appeals,
Div. IV.

Feb. 23, 2006.

Certiorari Denied June 26, 2006.*

John W. Suthers, Attorney General, James F. Carr, Assistant Attorney General, Gayle D. Fidler, Assistant Attorney General, Denver, Colorado, for Appellee.

Denis K. Lane, Jr., Manitou Springs, Colorado, for Respondent–Appellant.

KIRSHBAUM **, Justice.

Dr. I.W. (psychologist) appeals the declaratory order of the Colorado Board of Psychologist Examiners (1) establishing psychologist did not have to obtain the consent of a client before providing the Board with confidential records and (2) determining the Board had authority to issue a declaratory order directing psychologist to produce the client's confidential records within fourteen days. We affirm.

Psychologist provided individual and family counseling for L.H. (wife) and G.H. (husband). Wife filed a complaint with the Board respecting treatment she received from psychologist. Wife asserted psychologist improperly divulged confidential information in a custody evaluation arising from a domestic relations action between husband and wife. Wife also asserted psychologist knew husband before providing counseling to husband and wife and psychologist improperly favored husband over wife.

The Board began an investigation into these allegations, and its investigator interviewed psychologist. Finding an interview insufficient to resolve the matter, the investigator sent psychologist a subpoena duces tecum seeking treatment records concerning family therapy provided by psychologist. This subpoena duces tecum was accepted by

* Justice EID does not participate.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2005.

psychologist's attorney. However, the Board subsequently issued a more comprehensive subpoena duces tecum for all records relating to family counseling, individual treatment provided to wife, and individual treatment provided to husband.

When husband opposed disclosure of his records, psychologist sought a protective order from the Board, asserting the records were protected under the psychologist-client privilege established by § 13–90–107(1)(g), C.R.S.2005.

The Board issued a declaratory order denying psychologist's motion for a protective order and directing psychologist to produce all relevant confidential records pertaining to husband within fourteen days. The Board found § 12–43–218(2), C.R.S.2005, did not prohibit disclosure of those client records to the Board. The Board also found § 12–43–221(1)(b), C.R.S.2005, authorized the Board to subpoena husband's client records in the possession of psychologist. This appeal pursuant to § 12–43–224(5), C.R.S.2005, followed.

## I.

■ Psychologist first contends the Board erred in determining that psychologist's records pertaining to husband were not protected by the psychologist-client privilege. We disagree.

In reviewing the construction of a statute, an appellate court undertakes de novo review. *Sooper Credit Union v. Sholar Group Architects, P.C.*, 113 P.3d 768 (Colo.2005). The primary task is to give effect to the intent of the General Assembly. *Colo. State Bd. of Nursing v. Bethesda Psychiatric Hosp.*, 809 P.2d 1051 (Colo.App.1990). To discern that intent, courts first look to the plain meaning of the statute. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo. 1991).

The disclosure of confidential client information by a psychologist is governed by § 13–90–107(1)(g), which provides in part that "[a] licensed psychologist ... shall not be examined without the consent of such licensee's ... client as to any communication made by the client to such licensee or ...

such licensee's ... advice given thereon in the course of professional employment."

However, § 12–43–101, et seq., C.R.S.2005, governs the regulation of mental health professionals. This article, which governs the Board, was enacted "in order to safeguard the public health, safety, and welfare of the people of this state and in order to protect the people of this state against the unauthorized, unqualified, and improper application of psychotherapy, psychology, social work, [and] marriage and family therapy."

In furtherance of this policy, § 12–43–221(1)(b) authorizes the Board to "make investigations, hold hearings, and take evidence." Section 12–43–221(1)(b)(I), C.R.S. 2005. It also authorizes the Board to "issue subpoenas to compel the attendance of witnesses and the production of all relevant papers, books, records, documentary evidence, and materials in any hearing, investigation, accusation, or other matter coming before the board." Section 12–43–221(1)(b)(II), C.R.S.2005.

It is true that § 12–43–218(1), C.R.S.2005, prohibits a licensee from disclosing, "without the consent of the client, any confidential communications made by the client, or advice given thereon, in the course of professional employment." However, § 12–43–218(2)(c), C.R.S.2005, provides that § 12–43–218(1) does not apply when a "review of services of a licensee ... is conducted by ... [a] board." Furthermore, confidential client communications disclosed to the Board in the course of proceedings initiated to review the conduct of a licensee shall not become public records merely by their use in the review and shall "not be disclosed to any person not directly involved in such [a] review process." Section 12–43–218(3), C.R.S.2005.

The above quoted language is plain and unambiguous. It indicates the General Assembly established the Board to protect public health by allowing grievances to be filed against psychologists. When a grievance is filed against a psychologist and the Board, in the interest of public health and safety, investigates the conduct of the psychologist, the prohibition against revealing confidential

information absent consent established by § 12–43–218(1) is inapplicable.

Psychologist contends that § 13–90–107(1)(g) prohibits the Board from compelling psychologist to disclose client confidential information without consent. While § 13–90–107(1)(g) in general bars such disclosure, it does not apply when other exceptions exist. *See Colo. State Bd. of Accountancy v. Zaveral Boosalis Raisch*, 960 P.2d 102 (Colo.1998) (noting confidentiality privilege does not apply where an exception is found in the privilege statute or the regulatory board's own enabling act). The General Assembly has determined the Board may obtain confidential client information absent consent in the course of conducting grievance proceedings against psychologists.

For the foregoing reasons, we conclude the Board did not err in requesting psychologist to provide the Board with confidential records pertaining to husband.

## II.

Psychologist also contends the Board erred in issuing the declaratory order and in directing psychologist to produce records to the Board within fourteen days. We disagree.

The Board is authorized to make final rulings on petitions by means of a declaratory order. *See* § 24–4–105, C.R.S.2005; Board of Psychologist Examiners Rule 6, 3 Code Colo. Regs. 721–1. Additionally, the Board is authorized to issue subpoenas to compel the production of relevant records. Section 12–43–221(1)(b)(II). If a licensee fails to produce evidence subpoenaed by the Board, the Board may seek enforcement of the subpoena through the district court. Section 12–43–221(1)(b)(III), C.R.S.2005.

In issuing the subpoena, the Board acted within its statutory authority to compel the production of confidential records pertaining to husband. Additionally, in response to psychologist's petition, the Board acted within its statutory authority when issuing a declaratory order clarifying its understanding of the scope of its subpoena power.

Contrary to psychologist's contention, the fact the Board ordered psychologist to comply with the subpoena within fourteen days did not constitute enforcement of the subpoena. Rather, the Board provided psychologist with a time frame within which psychologist could comply with the subpoena before the Board would seek enforcement through the district court.

## III.

Psychologist also argues disclosure of husband's confidential records would constitute a breach of generally accepted professional standards. *See* § 12–43–222(1)(g), C.R.S. 2005. However, psychologist does not suggest why compliance with orders of the Board would constitute inappropriate conduct. Furthermore, the issues here relate to the authority of the Board, and not to standards of professional conduct applicable to psychologist. Therefore, we reject psychologist's argument.

The order is affirmed.

Judge WEBB and Judge RUSSEL concur.